IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Brian Evans,

Plaintiff,

v.

City National Bank, a National Banking Association,

555 South Flower Street

Los Angeles, CA 90071,

Defendant.

Case No.: _____

**COMPLAINT**

Plaintiff Brian Evans ("Plaintiff"), appearing pro se, brings this civil action against Defendant City National Bank ("Defendant"), the legal successor to Business Bank of Nevada, and alleges the following based entirely on his personal knowledge and experiences.

**Jurisdiction and Venue**

1

This Court has jurisdiction because Plaintiff is a resident of Florida, Defendant is a national banking association headquartered in California, and the amount in controversy far exceeds $75,000. Defendant conducts national banking operations directed at Florida consumers, including Plaintiff. Venue is proper because Plaintiff resides in this District and the harm is felt here. City National Bank also does business and has a branch in Miami, Florida.

**Parties**

Plaintiff Brian Evans is a resident of Hallandale Beach, Florida.

Defendant City National Bank is a national banking association headquartered at 555 South Flower Street, Los Angeles, California.

Defendant is the legal successor to Business Bank of Nevada.

**Factual Background**

Between approximately 1996 and 2000, Plaintiff maintained a corporate business account at Business Bank of Nevada in Las Vegas. During that period, senior bank executive John Guedry exercised substantial authority over the bank's client relationships and operations, and he personally communicated with Plaintiff about matters connected to Plaintiff's business account.

Plaintiff and Guedry exchanged multiple emails, all sent from Guedry's official Business Bank of Nevada email address, regarding Plaintiff's valuable baseball card assets. These emails confirm and document that it was Guedry — acting in his professional capacity as

a bank executive — who instructed Plaintiff to bring valuable portions of his high-value baseball card collection into the bank.

These emails were not general or vague. They were specific, direct, and repeated. They made clear that the bank expected Plaintiff to bring numerous items into the branch, and that the request came from within the bank itself.

In one of the emails, Guedry explicitly wrote to Plaintiff:

"Don't forget the Mickey Mantle rookies."

The use of the word rookies, plural, demonstrates that Guedry was aware of exactly which high-value cards Plaintiff possessed, understood their significance, and intentionally sought the intake of some of the most iconic and valuable cards in existence. These emails show knowledge, intent, and purposeful direction by a senior bank official acting within his apparent and actual authority.

Because of the sheer volume of collectibles Guedry instructed Plaintiff to bring, Plaintiff was required to load the items onto a dolly to transport them into the bank. Multiple boxes of valuable baseball cards were stacked and wheeled into the branch. This was not a casual interaction; it was a significant transfer of property made openly in the presence of other bank employees, who observed Plaintiff pushing the dolly into the bank and handing the boxes directly to Guedry.

Despite the formal nature of the communication, the instructions coming from an official bank email account, the large and obvious quantity of property, the high value of the

3

items involved, and the fact that the transfer occurred in plain view inside the bank, neither Guedry nor the bank provided a single piece of documentation. Plaintiff received:

- no receipt,

- no custodial agreement,

- no inventory list,

- no safe-deposit form,

- no chain-of-custody document,

- no written acknowledgment of intake whatsoever.

The bank accepted full physical possession and control of Plaintiff's property and documented nothing.

After City National Bank later acquired Business Bank of Nevada, Plaintiff's high-value property was never returned. No explanation was ever provided. The bank continues to possess, and has the ability to access, the email records confirming that its executive directed Plaintiff to bring in the cards, including multiple Mickey Mantle rookies. Yet City National Bank has never offered any accounting, documentation, or trace of the collectibles Guedry took into the bank's custody.

Years later, Plaintiff endured severe PTSD following the traumatic death of his mother. This trauma resulted in memory suppression that delayed Plaintiff's ability to recognize and process the full details surrounding the bank's conduct and the disappearance of his property. Only recently did those memories resurface with clarity, enabling Plaintiff to

4

understand that the disappearance of his collectibles occurred as a direct result of actions taken by Business Bank of Nevada.

On November 24, 2025, Plaintiff sent Defendant a written demand describing the loss and requesting resolution. Defendant did not resolve or meaningfully address the claim.

Plaintiff sent Defendant a written, trackable demand on November 24, 2025 seeking the return of, or an accounting for, property Defendant accepted into its exclusive custody. Defendant did not respond, did not deny possession, did not disclaim responsibility, and did not provide any explanation. Under settled law, where possession is initially lawful, a demand and subsequent silence constitutes a refusal, which is sufficient to establish conversion and trigger accrual of the claim. Joseph v. Chanin, 940 So.2d 483, 486 (Fla. 4th DCA 2006); Bove v. PBW Stock Exchange, Inc., 382 So.2d 450, 452 (Fla. 3d DCA 1980). Moreover, when a defendant with exclusive control over property fails to respond to a demand, such silence constitutes fraudulent concealment by omission, tolling the statute of limitations until the refusal or discovery of the wrongdoing. Raie v. Cheminova, Inc., 336 F.3d 1278, 1282 (11th Cir. 2003); Berisford v. Jack Eckerd Corp., 667 So.2d 809, 811–12 (Fla. 4th DCA 1995). Defendant's non-response therefore both establishes a continuing conversion and independently tolls any applicable statute of limitations, rendering this action timely and justiciable.

**COUNT I – Conversion**

Plaintiff entrusted valuable personal property — including multiple Mickey Mantle rookies and numerous other rare baseball collectibles — to Business Bank of Nevada because its executive, using official bank email, instructed him to do so. Plaintiff

5

transported the items into the bank on a dolly due to the significant quantity involved, and Guedry took physical possession of the property inside the branch in front of multiple employees.

The bank never returned the property, never documented it, never safeguarded it, and never accounted for it.

This constitutes wrongful dominion and control inconsistent with Plaintiff's ownership.

Warshall v. Price, 629 So.2d 903 (Fla. 4th DCA 1993) holds that conversion occurs when possession is taken and not returned.

Application: Plaintiff alleges exactly this.

Shelton v. Ritz-Carlton, 688 F.3d 1038 (11th Cir. 2012) holds that conversion includes property entrusted and wrongfully withheld.

Application: Plaintiff entrusted the items at the bank's direction; they were never returned.

## COUNT II – Fraud

Plaintiff alleges that Guedry, acting with actual and apparent authority, used his official bank email to represent that Plaintiff needed to bring his valuable collectibles into the bank for legitimate account-related reasons. These representations were false, and Plaintiff relied on them.

The bank failed to disclose that no custodial process existed, that no documentation would be created, and that Plaintiff's property would not be safeguarded.

6

Butler v. Yusem, 44 So.3d 102 (Fla. 2010) establishes liability for false statements made to induce reliance.

Application: Plaintiff relied on written bank communications instructing him to surrender valuable property.

Stires v. Carnival Corp., 243 F. Supp. 2d 1313 (M.D. Fla. 2002) recognizes fraud by omission.

Application: The bank concealed the absence of procedures and safeguards.

### COUNT III – Breach of Fiduciary Duty

By instructing Plaintiff through official bank communications to bring high-value collectibles into the bank and then accepting custody of them, the bank undertook fiduciary-like responsibilities concerning care, honesty, and safekeeping.

The bank breached these duties by failing to document, protect, supervise, or return Plaintiff's property.

Capital Bank v. MVB, 644 So.2d 515 (Fla. 3d DCA 1994) recognizes fiduciary duties when valuables are entrusted under circumstances of trust.

Application: Plaintiff relied on official communications from a senior bank executive.

Fowler v. Towse, 900 F. Supp. 454 (S.D. Fla. 1995) recognizes heightened duties where banks take on responsibilities beyond routine banking.

Application: Accepting multiple boxes of rare collectibles transported on a dolly is far beyond ordinary banking activity.

## COUNT IV – Negligent Supervision

The bank failed to supervise Guedry, allowing him to use official bank communication systems to direct a customer to bring in high-value property, and then allowing him to receive that property with no documentation or protocol.

This systemic failure enabled the misconduct.

Garcia v. Duffy, 492 So.2d 435 (Fla. 2d DCA 1986) holds employers liable where inadequate supervision enables employee misconduct.

Application: Supervisory failures enabled Guedry's conduct.

Doe v. CitiBank, 2021 WL 2913620 (S.D. Fla.) confirms banks are responsible for failures of internal controls.

Application: The absence of any recordkeeping or custodial procedure demonstrates internal control failures.

## COUNT V – Successor Liability

City National Bank acquired Business Bank of Nevada, continued its operations, and inherited its liabilities. The acts giving rise to Plaintiff's loss were conducted by Guedry within the scope of his authority as a senior bank executive using official bank communications.

Bernard v. Kee Mfg., 409 So.2d 1047 (Fla. 1982) establishes successor liability where operations continue.

Application: Defendant continued Business Bank of Nevada's operations and therefore its liabilities.

### COUNT VI – Tolling Based on PTSD and Delayed Discovery

In addition to the Jurisdiction section of this Complaint which clearly establishes jurisdiction, Plaintiff developed severe PTSD after the traumatic death of his mother, which caused memory suppression and delayed his ability to piece together the bank's role in the loss of his property.

Hearndon v. Graham, 767 So.2d 1179 (Fla. 2000) recognizes trauma-based memory repression as grounds for tolling statutes of limitations.

Application: Plaintiff's PTSD delayed his discovery of the wrongdoing.

### Punitive Damages

Plaintiff alleges that the bank's conduct — directing him via email to bring in highly valuable collectibles, specifically identifying multiple Mickey Mantle rookies, accepting a large quantity of valuable property transported on a dolly, taking possession inside the bank, failing to document or safeguard the items, and never returning them — constitutes conduct so reckless and indifferent to Plaintiff's rights that punitive damages are warranted.

Owens-Corning Fiberglas Corp. v. Ballard, 749 So.2d 483 (Fla. 1999) supports punitive damages where conduct demonstrates reckless disregard.

Application: Plaintiff's allegations meet that standard.

## Damages

Plaintiff seeks:

- $12,000,000 in compensatory damages for the present-day value of the converted property;

- punitive damages;

- damages for emotional distress;

- pre- and post-judgment interest;

- costs;

- and any other relief this Court deems just and proper.

## CONCLUSION

For the reasons alleged herein, this action is timely and properly before the Court. Defendant's possession of Plaintiff's property was initially lawful and undertaken at Defendant's direction, after which Defendant exercised exclusive custody and control, created no records, provided no notice of loss, and concealed the status of the property. Under settled law, Plaintiff's claims did not accrue until Defendant's refusal to return or account for the property could reasonably be inferred, which first occurred when Defendant ignored Plaintiff's written, trackable demand dated November 24, 2025. Defendant's complete silence constitutes a refusal, supports a continuing conversion, and independently tolls any statute of limitations under doctrines of delayed accrual and fraudulent concealment by omission. At no time prior to that demand did Defendant deny

10

possession, refuse return, or disclose loss, and Defendant's exclusive control over the property and relevant records rendered discovery impossible. Plaintiff has therefore plausibly alleged conversion, fraud, breach of fiduciary duty, negligent supervision, successor liability, and tolling sufficient to defeat any statute-of-limitations defense at the pleading stage, entitling Plaintiff to proceed to discovery and seek all available legal and equitable relief.

Respectfully submitted,

_____

Brian Evans

2080 South Ocean Drive, #1505

Hallandale Beach, FL 33009

954-214-3076

Plaintiff, Pro Se

December 22, 2024

