**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(MIAMI DIVISION)**

**Case No. 0:25-CV-62656**

BRIAN EVANS

      Plaintiff,

v.

CITY NATIONAL BANK, a National
Banking Association,

      Defendant,

_____ /

**<u>DEFENDANT'S MOTION TO DISMISS AND STRIKE COMPLAINT</u>**

Defendant City National Bank[1] ("Bank") moves to dismiss Plaintiff's Complaint (D.E. 1) pursuant to Fed. R. Civ. P. 9(b), 10(b), 12(b)(1), (2), (6), for a more definite statement pursuant to Fed. R. Civ. P. 12(e), and to strike pursuant to Fed. R. Civ. P. 12(f).

**I.      Introduction**

Plaintiff Brian Evans ("Evans") alleges that more than 25 years ago a bank executive in Las Vegas, Nevada fraudulently induced Evans to bring his baseball card collection to the Bank's predecessor bank. Evans claims the predecessor bank stole the baseball cards. Now, 25 years later, Evans sues the Bank for conversion, fraud, breach of fiduciary duty, negligent supervision, and successor liability. Evans asserts that the applicable statute of limitations should be tolled because he suffers from PTSD and related delayed discovery of his claims.

This Court should dismiss this lawsuit for several compelling reasons. First, the Court does not have subject matter jurisdiction because Evans fails to properly plead diversity jurisdiction.

_____

[1] City National Bank is a nationally chartered bank.

63786065v2

Evans fails to plead the parties are citizens of different states.

Second, the Court does not have personal jurisdiction over the Bank. General jurisdiction does not exist. And the Court does not have specific jurisdiction over the Bank because Evans fails to plead the Bank committed a tort within the state of Florida.

Third, the Complaint is devoid of sufficient factual allegations plausibly to conclude that, if accepted as true, the Bank would be liable for conversion, fraud, breach of fiduciary duty, negligent supervision, and successor liability.

Fourth, Evans fails to plead fraud with particularity.

Fifth, Evans's claims are barred by the statute of limitations.

Sixth, Evans fails to comply with Fed. R. Civ. P. 10(b) because the Complaint does not state the claims in numbered paragraphs to enable the Bank to respond.

Seventh, Evans fails to state a claim for punitive damages because there is no reasonable showing in the record or proffered by Evans which would provide a reasonable basis for recovery of punitive damages.

Eighth, Evans's Complaint includes several case citations that either do not exist or are riddled with wholly inaccurate and misleading citations to the law.

## II.    Alleged relevant facts

Pro se Plaintiff Evans's allegations center on the Bank's purported conversion of baseball cards. (D.E. 1, p. 1-5). Between approximately 1996-2000, Evans alleged he maintained a corporate business account at Business Bank of Nevada in Las Vegas. *Id.* at 1. He further alleged that a senior bank executive at the Business Bank of Nevada, John Guedry ("Guedry"), exercised

substantial authority over that bank's client relationships and communicated by email with Evans.[2] *Id.* Evans alleged that he and Guedry exchanged multiple emails regarding Evans's valuable baseball cards and that Guedry instructed Evans to bring valuable portions of his baseball card collection to the Business Bank of Nevada. *Id.* at 2-3. Plaintiff alleged that the emails made it clear that the request came from the bank itself. *Id.* at 3. In one of the emails, Plaintiff claims that Guedry wrote "Don't forget the Mickey Mantle rookies." *Id.* Evans alleged he brought multiple boxes of baseball cards to the Business Bank of Nevada and never received a receipt or any other documentation confirming the baseball cards were delivered to that bank. *Id.*

Plaintiff alleged that the baseball cards were never returned to him. *Id.* Evans alleged that the Bank acquired the Business Bank of Nevada and is the legal successor to Business Bank of Nevada. *Id.* at 1, 8.  Evans alleged he sent a written demand on November 24, 2025 to the Bank seeking the return of, or an accounting for, the property.[3] *Id.* at 5. And Evans alleged the Bank did not respond to the demand letter. *Id.*

III.   **Argument**

    A.   **The Court does not have subject matter jurisdiction because Evans fails to allege the citizenship of Evans and the Bank**

Federal courts have limited subject-matter jurisdiction, and the party invoking the court's jurisdiction bears the burden of proving it exists. *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1302 (S.D. Fla. 2016). For federal diversity jurisdiction to attach, all parties must be completely diverse. 28 U.S.C. §1332(a).

---

[2] Plaintiff Evans does not attach to the Complaint any of the alleged emails.  Plaintiff Evans does not identify with any specificity in the Complaint the name of the alleged "corporate business" bank account or the bank account's number.

[3] Plaintiff Evans does not attach to the Complaint a copy of the alleged November 24, 2025 demand letter.

Evans alleged that this Court has jurisdiction because Evans is a resident of Florida and that the Bank is national banking association headquartered in California. (D.E. 1, p. 2). Citizenship is not the same as residence, and Evans fails to allege the citizenship of both parties. *See Kantrow v. Celebrity Cruises, Inc.*, 533 F. Supp. 3d 1203, 1214 (S.D. Fla. Apr. 1, 2021) (citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person and diversity of citizenship, not residence, is required under 28 U.S.C. § 1332). The Court does not have subject matter jurisdiction because Plaintiff Evans fails to allege the citizenship of each party.

**B.      The Court does not have personal jurisdiction over the Bank**

A plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F. 3d 1339, 1350 (11th Cir. 2013). Evans fails to plead facts to make out a prima facie case of jurisdiction in Florida.

A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009); See Fla. R. Civ. P. § 48.193(1), (2) (Florida's long-arm statute on specific jurisdiction and general jurisdiction).

**i.      Specific jurisdiction**

Evans alleged tort claims of conversion, fraud, breach of fiduciary duty, and negligent supervision. It appears Evans attempted to assert long-arm jurisdiction under Fla. Stat. § 48.193(1). *See* Fla. Stat. §48.193(1)(a)(2) (committing a tortious act in this state). Evans's tort claims do not arise out of or relate to Florida. *See Bristol-Myers v. Superior Court of California*, 582 U.S. 225,

4

262 (2017) (a plaintiff's claims must arise out of or relate to the defendant's contacts with the forum for specific jurisdiction).

The tort of conversion accrues where the tortfeasor exercises wrongful dominion and control over the property to the detriment of the rights of the owner. *See Envases Venzeolanos, S.A. v. Collazo*, 559 So. 2d 651, 653 (Fla. 3d DCA 1990) (conversion occurred in France and not Miami-Dade County where individual unlawfully directed a French bank in Paris to wire funds from a corporate account to a bank in Miami).

Evans alleged that a bank executive in Las Vegas, Nevada requested he bring baseball cards to the Business Bank of Nevada's branch in Las Vegas, Nevada. Evans claimed the bank executive falsely represented that Evans needed to bring the baseball cards to the bank in Nevada for legitimate account-related reasons. Evans claimed that the Bank converted the baseball cards because the Bank did not return the cards to Plaintiff. Evans did not allege that the baseball cards, if they existed, were delivered to Florida, converted in Florida, or that any of the torts accrued in Florida. Evans's tort claims do not arise out of or relate to Evans's contacts with Florida. Accordingly, this Court does not have specific personal jurisdiction over Defendant.

### ii.      General jurisdiction

The paradigm all-purposes forums for general jurisdiction are a corporation's place of incorporation and principal place of business. *Daimler AG v. Bauman*, 134 S.Ct. 746, 749 (2014).

Evans alleged that the Bank is headquartered in California and does business and has a branch in Miami, Florida. Evans failed to allege whether the Bank is incorporated in or has its principal place of business in Florida. Evans also did not allege any plausible facts to support that the Bank engages in substantial and not isolated activity in Florida to support general jurisdiction. Therefore, the Bank is not subject to general jurisdiction in Florida.

**C.     Evans failed to plead sufficient facts to state a claim under Rule (12)(b)(6).**

This Court must determine whether the Complaint sets forth sufficient factual allegations to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must plead enough facts to state a claim for relief that is plausible on its face. *Id.* at 570. Conclusory allegations are not entitled to be assumed true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**i.     Conversion**

Conversion is an "act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." *Edwards v. Landsman*, 51 So. 3d 1208, 1213 (Fla. 4th DCA 2011). "[T]o state a claim for conversion, one must allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted dominion over that property." *Id.*

Evans alleged generalized, conclusory allegations about purportedly valuable baseball card assets, multiple Mickey Mantle rookies cards, and numerous other rare baseball collectibles. These vague descriptions fall far short of the factual specificity required to establish ownership of identifiable property. Evans failed to allege the exact number of baseball cards he owned and delivered to the Business Bank of Nevada. There are no allegations regarding the specific identity of each card by player name, year, manufacturer, or card number. Evans did not allege any documentary evidence of ownership, such as purchase receipts, insurance records, appraisals, or certification from grading services, or an inventory or itemized list of what was purportedly delivered to the Business Bank of Nevada more than 25 years ago.

Evans's references to multiple Mickey Mantle rookie cards and valuable portions of his alleged high-value baseball card collection and multiple boxes of valuable baseball cards are conclusory allegations. Conversion is a tort against specific property, not against categories or classes of property. *See Taubenfeld v. Lasko*, 324 So. 3d 529, 541–42 (Fla. 4th DCA 2021) (plaintiff failed to state a cause of action for conversion of cash because plaintiff failed to allege specific money capable of identification).

Even if Evans adequately alleged ownership and delivery, his Complaint failed to allege facts showing that the Bank wrongfully asserted dominion over any specific, identifiable property.

Evans alleged he transported the items more than 25 years ago into the Business Bank of Nevada on a dolly and that Guedry took physical possession of the property inside the branch. But Evans does not allege the specific items that were placed in the boxes on the dolly, an itemized description of what was in each box, what specific baseball cards were allegedly provided to Guedry, when they were provided, or what specific cards the Business Bank of Nevada allegedly retained, lost, destroyed, or failed to return to Evans.

Without factual allegations identifying which specific cards were delivered and converted, Evans's claims are nothing more than a speculative assertion that something valuable was taken and not returned. His allegations are so generalized that the Bank cannot reasonably ascertain what property is allegedly at issue or prepare a meaningful defense. Evans's reliance on a single quoted email, "Don't forget the Mickey Mantle rookies," does not cure these deficiencies. This statement, even if assumed true, does not specify how many such cards existed, their condition, their value, or whether they were actually delivered to the Business Bank of Nevada. Accordingly, this Court should dismiss Count I - Conversion for failure to state a claim.

**ii.     This Court should dismiss Plaintiff's Fraud claim pursuant to 12(b)(6) and Rule 9(b)**

The four required elements of a fraudulent misrepresentation claim are: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation. *Butler v. Yusem*, 44 So. 3d 102, 103 (Fla. 2010).

A party must state with particularity the circumstances constituting the alleged fraud. Fed. R. Civ. P. 9(b). A plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs and (4) what the defendants gained by the alleged fraud. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010); Fed. R. Civ. P. 9(b). To state a claim for fraud, a plaintiff must allege with particularity the manner in which they relied on the defendants' statements. *Fernau v. Enchante Beauty Products, Inc.*, 847 Fed. Appx. 612, 622 (11th Cir. 2021); *See Wilding v. DNC Services Corp.*, 941 F.3d 1116, 1128 (11th Cir. 2019) (dismissing claim for fraud claim for failing to comply with Rule 9(b)).

This Court must dismiss Evans's fraud claim because it fails to satisfy both the substantive elements required under Florida law and the heightened pleading standard mandated by Federal Rule of Civil Procedure 9(b).

The first element fails because Evans did not identify any specific false statement made by the Bank. Evans alleged broadly that Guedry sent multiple emails from his official Business Bank of Nevada email address, presumably more than 25 years ago, instructing Evans to bring baseball

cards into the Business Bank of Nevada. He quotes an email stating: "Don't forget the Mickey Mantle rookies." Evans did not identify what representation in these emails was false.

Evans appeared to suggest that the emails contained an implicit misrepresentation that the Business Bank of Nevada needed Evans to bring the baseball cards for legitimate account-related purposes, and that the Business Bank of Nevada would properly document, safeguard, and return the property. But Evans never alleged that Guedry made any affirmative statement, whether explicit or implicit, regarding how the items would be handled, why Evans needed to bring them to the Business Bank of Nevada, what custodial procedures would be followed, or what documentation would be provided. Without allegations identifying a specific false statement, Evans has not satisfied the threshold requirement for alleging a claim of fraud under Florida law.

Evans did not allege time, place or the precise statements constituting the alleged misrepresentations. While Evans references multiple emails and quotes one sentence, "Don't forget the Mickey Mantle rookies," he does not explain what specific false factual representation this email or any other communication contained. Without identifying the precise false statement, the Complaint fails Rule 9(b)'s particularity requirement. Evans also did not allege the time and place these alleged misrepresentations occurred.

Evans failed to allege the content and manner in which these statements misled him. Evans did not explain how he understood Guedry's emails, what he believed they promised, or why he was justified in relying on them. The Complaint contains no allegations about what representations Evans actually relied upon when he decided allegedly to bring the baseball cards into the Business Bank of Nevada more than 25 years ago. Plaintiffs must allege with particularity the manner in which he relied on the statements. While Evans alleged that he brought multiple boxes of baseball cards into the Business Bank of Nevada on a dolly, he does not connect any specific

9

misrepresentation to his decision to do so. Accordingly, this Court should dismiss Count II – Fraud for failure to state a claim and for failure to satisfy Rule 9(b).

### iii. Fiduciary duty

"[T]he elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiffs damages." *Jaffe v. Bank of America, N.A.*, 667 F. Supp. 2d 1299, 1318-19 (S.D. Fla. 2009), citing *Gracey v. Eaker,* 837 So.2d 348, 353 (Fla. 2002).

"To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Jaffe*, 667 F. Supp. at 1319 (citations omitted). Generally, "[i]n an arms-length transaction, however, there is no duty imposed on either party to act for the benefit or protection of the other party, or to disclose facts that the other party could, by its own diligence have discovered." *Id.* A long-standing business relationship between a bank and its customer, without more, does not create a fiduciary relationship. *See Azar v. National City Bank*, 2009 WL 3668460, at * 2 (S.D. Fla. Oct. 26, 2009). The fact that one party trusted another, without more, does not create a fiduciary relationship. *Id.*

Evans has alleged nothing more than that he maintained a corporate business account (which he does not identify) at Business Bank of Nevada between 1996 and 2000, that a bank executive at the Business Bank of Nevada exercised substantial authority over client relationships, and that this executive more than 25 years ago personally communicated with Evans about account-related matters. Evans further alleged he reposed confidence in the Business Bank of Nevada to make good and proper decisions, and that Guedry directed him by email to bring baseball cards into the Business Bank of Nevada. *Id.*

These allegations describe nothing more than an ordinary, arm's-length commercial banking relationship. Evans has not alleged that the Business Bank of Nevada undertook any special advisory role, that Evans was particularly vulnerable or dependent on any guidance regarding the baseball cards, or that the Business Bank of Nevada assumed any duty to protect Evans's interests beyond the normal duties incident to a banking relationship. Plaintiff did not allege that the Business Bank of Nevada held itself out as an expert in collectibles, offered to appraise or advise Evans regarding the cards, and acted in any capacity other than as a depository institution. Accepting custody of property from a customer, even valuable property, does not transform an arm's-length banking relationship into a fiduciary one. Evans has not asserted anything more than a longstanding relationship between himself and the Business Bank of Nevada. Accordingly, this Court should dismiss Count III – Fiduciary Duty for failure to state a claim.

### iv. Negligent supervision

Negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment. *Department of Environmental Protection v. Hardy*, 907 So. 2d 655, 660 (Fla. 5th DCA 2005). The plaintiff must allege facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action. *Id.* The employer's liability for negligent supervision is not, however, unlimited; not only must the employer owe a duty to the plaintiff, but the breach of that duty must be the proximate cause of the plaintiff's harm. There must be a connection and foreseeability between the employee's employment history and the current tort committed by the employee. *Id.*

11

Evans claimed that the Business Bank of Nevada failed to supervise Guedry, allowing him to use official communication systems to direct a customer to bring in high-value property, and then allowed him to receive that property with no documentation or protocol. Evans did not allege that the employer became aware of or should have become aware of any issues with Guedry, his unfitness, notice of his unfitness, or failure to take action. Evans has failed to plead facts to support a connection between Guedry's employment history and the torts Evans claims occurred. Accordingly, this Court should dismiss Count IV – Negligent Supervision for failure to state a claim.

### v. Successor liability

In Count V, Evans alleged a freestanding claim for successor liability. Successor liability cannot be pled as a freestanding cause of action. *See TMCT PLLC v. Wright*, 2025 WL 2336079, at *11, (S.D. Fla. June 13, 2025), *report and recommendation adopted by TMCT PLLC v. Wright*, 2025 WL 1832833 (S.D. Fla. July 3, 2025) (dismissing standalone cause of action for successor liability because the theory of successor liability merely provides a plaintiff an alternative entity from who to recover; it does not create a new cause of action against the successor which is independent of the underlying tort).  Accordingly, this Court should dismiss Count V.

### D.     Evans's claims are barred by the statute of limitations

If facts on the face of the pleadings show that the statute of limitations bars the action, then the defense can be raised by a motion to dismiss. *Azumi LLC v. Lott & Fischer, PL*, 2022 WL 17977188, at *3 (S.D. Fla. Dec. 27, 2022). A cause of action accrues for statute of limitations purposes when the last element constituting the cause of action occurs. *Medical Jet, S.A. v. Signature Flight Support-Palm Beach, Inc.*, 941 So. 2d 576, 577 (Fla. 4th DCA 2006).

Evans's tort claims, Count I – Conversion, Count II – Fraud, and Count III – Breach of Fiduciary Duty, are subject to a four-year statute of limitations. See Fla. Stat. § 95.11(3) (four years for conversion), *see also, Bove v. PBW Stock Exchange, Inc.*, 382 So. 2d 450, 452 (Fla. 2d DCA 1980); See Fla. Stat. § 95.11(3)(j) (four years for fraud), Fla. Stat. § 95.11(3)(o) (four years for breach of fiduciary duty). A claim for Negligence is subject to a two-year statute of limitations under the current version of the statute or a four-year statute of limitations under the prior version of the statute. See Fla. Stat. § 95.11(5)(a)(2025) (two years for negligence), See Fla. Stat. §95.11(3)(a)(2022) (four years for negligence).

This action was filed on December 23, 2025. The events giving rise to Evans's claims occurred allegedly between approximately 1996 and 2000.[4] Therefore, the tort claims, allegedly between 26 and 30 years old, are facially barred by the statute of limitations.

### i.    Conversion

As to the tort of conversion, that act constitutes the exercise of wrongful dominion and control over the property to the detriment of the rights of its actual owner. *Envases Venzeolanos. S.A.*, 559 So. 2d 651, 652 (Fla. 3d DCA 1990). Conversion occurs at the moment of the wrongful taking or detention, not when a demand is made or refused. *See Harrell v. Allen*, 439 F. 2d 1005, 1007 (5th Cir. 1971) (refusal to deliver is merely evidence of conversion and not an essential prerequisite for a cause of action of conversion because if before demand and refusal, an actual conversion has already occurred, the evidence of demand and refusal relates back to the time of the actual conversion.).

---

[4] Importantly, Defendant Bank acquired certain assets of the Business Bank of Nevada on or about April 30, 2007, more than seven (7) years after the alleged claims of wrongdoing by Business Bank of Nevada.
.

Evans appears to allege that he delivered baseball cards to the Business Bank of Nevada sometime between 1996 and 2000, and that his business relationship with Business Bank of Nevada continued through approximately 2000. The statute of limitations began to run at the latest, when Evans's banking relationship with Business Bank of Nevada reportedly terminated in 2000. At that point, any reasonable person would have understood that if valuable property had been entrusted to that bank, it should be returned or accounted for upon termination of the alleged banking relationship. Evans's alleged failure to recognize the loss of his property for more than 25 years does not extend the limitations period. The conversion claim is barred by the four-year statute of limitations.

### ii.    Fraud

A fraud claim accrues when the plaintiff either discovers the fraud or should have discovered it through the exercise of reasonable diligence. *First Federal Sav. &L Loan Ass'n of Wisconsin v. Dade Federal Sav. & Loan Ass'n*, 403 So. 2d 1097, 1100 (Fla. 5th DCA 1981). "Discovery...of the facts" as used in this section is defined by an objective, not subjective standard and means knowledge of facts which would have been discovered in the exercise of due diligence. *Id.*

Evans alleged the Business Bank of Nevada executive misrepresented that Evans needed to bring in his baseball cards for legitimate account-related reasons. A reasonable person exercising minimal diligence would have inquired about documentation to support the purpose of bringing baseball cards to a bank, requested a receipt, or at minimum asked what custodial procedures the bank would follow. For more than 25 or 30 years, Evans failed to investigate or follow up on property he now claims is worth $12 million. This demonstrates a lack of reasonable

diligence and cannot toll the statute of limitations. The fraud claim is barred by the four-year statute of limitations.

### iii.    Fiduciary Duty

While a fiduciary duty does not exist, Evans alleged that Guedry used his official Business Bank of Nevada email to direct Evans to bring valuable property into that bank and that the Business Bank of Nevada breached fiduciary duties by failing to document or safeguard the property. All of these alleged failures occurred at the time Evans delivered the property and observed the alleged lack of any formal intake procedures. The alleged injury and loss of the property was complete no later than when Evans's banking relationship ended around 2000. The four-year statute of limitations bars the breach of fiduciary duty claim.

### iv.    Negligent Supervision

In March 2023, the statute of limitations for negligence claims was changed from 4 years to 2 years. *See Kindred Hospitals East, LLC v. Medical Mutual Services, LLC*, at *11 n. 12 (M.D. Fla. June 11, 2025); *compare* Fla. Stat. §95.11(5)(a) (2025) and Fla. Stat. §95.11(3)(a) (2022). Evans's negligent supervision claims are barred regardless of whether the Court applies the 2 year or 4 year statute of limitations period.

Evans claims that the Business Bank of Nevada failed to supervise Guedry, allowing him to use official bank communication systems to direct a customer to bring in high-value property, and then allow him to receive that property with no documentation or protocol. This occurred at some point between 1996 and 2000. Evans's claims for negligent supervision, occurring purportedly more than 25 or 30 years ago, are barred by the two-year statute of limitations.

> **v.**     **Evans's alleged PTSD and memory suppression do not toll the statute of limitations**

Evans asserted that the statute of limitations should be tolled based on PTSD and the delayed discovery doctrine. Evans alleged he endured severe PTSD following the traumatic death of his mother which resulted in memory suppression that delayed Evans's ability to recognize and process the full details surrounding the bank's conduct. Evans cites *Hearndon v. Graham*, 767 So. 2d 1179 (Fla. 2000) and claims *Hearndon* recognizes trauma-based memory repression as grounds for tolling these applicable statutes of limitations.

Evans's tolling and delayed discovery arguments fail for several reasons. First, Evans failed to allege the date or even the year of the death of his mother which allegedly caused memory suppression. Evans did not allege plausible facts to support the application of the delayed discovery doctrine to any of the purported causes of action.

Second, Florida law does not recognize a blanket delayed discovery doctrine or tolling provision for tort claims based on trauma-based memory suppression. In *Hearndon*, the Florida Supreme Court applied the delayed discovery doctrine to causes arising out of childhood sexual abuse and related repressed memory. *Id.* at 1185-86. The Florida Supreme Court reasoned that in the narrow circumstance of lack of memory in childhood sexual abuse cases, the doctrine was appropriate because the lack of memory was caused by the abuser – a situation similar to the statutory circumstances to which the doctrine applies. *Id.*

In *Davis v. Monahan*, the Florida Supreme Court held the delayed discovery doctrine does not apply to claims for breach of fiduciary duty or conversion. *Davis v. Monahan*, 832 So.2d 708 (Fla. 2002). The *Davis* court cited *Hearndon* and determined that *Hearndon* was limited to childhood sexual abuse and related repressed memory cases. *Id.* at 712.

16

**E.      The Complaint fails to comply with Fed. R. Civ. P. 10(b) because it does not state the claims in numbered paragraphs**

Fed. R. Civ. P. 10(b) provides that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); *see Watkins v. Bigwood*, 2020 WL 1166720, at * 6 (S.D. Fla. Mar. 11, 2020) (granting request for more definite statement because pro se plaintiff failed to comply with Rule 10(b) requirement of statement claims in numbered paragraphs).

Evans's Complaint includes long unnumbered paragraphs and is not structured to enable the Bank to properly and fully respond to the allegations. Evans should be required to separate the allegations into numbered paragraphs pursuant to Rule 10(b).

**F.      Evans's claim for punitive damages should be stricken**

Punitive damages are available under Florida law "only upon a showing that the act complained of is characterized by 'willfulness, wantonness, maliciousness, gross negligence or recklessness, oppression, outrageous conduct, deliberate violence, moral turpitude, or fraud.'" *Burger King Corporation v. Austin*, 805 F. Supp. 1007, 1025 (S.D. Fla. 1992).

Florida Statute Section 768.72 requires that a plaintiff plead with greater specificity when asserting a claim for punitive damages. *See Bankest Imports, Inc. v. ISCA Corp.*, 717 F. Supp. 1537, 1543-44 (S.D. Fla. 1989) (striking punitive damage claim where plaintiff merely set forth conclusory allegations and failed to allege facts sufficient to entitle it to recover punitive damages).

Evans's punitive damages claim should be stricken because the Complaint fails to allege facts demonstrating willfulness, wantonness, maliciousness, recklessness, or any other basis for punitive damages. Evans's conclusory allegations are insufficient to meet the heightened pleading standard. The Court should strike Plaintiff's claim for punitive damages.

17

**G.      Evans's Complaint should be stricken because Evans makes up/hallucinates case citations and includes entirely misleading citations to the law.**

Evans stated "*Shelton v. Ritz-Carlton*, 688 F.3d 1038 (11th Cir. 2012) holds that conversion includes property entrusted and wrongfully withheld." (Dkt. 1, p. 6). Evans's "*Shelton"* does not exist in the Eleventh Circuit Court of Appeals. There is a case styled *Shelton v. Ritz Carlton Hotel Company, LLC*, 2008 WL 11492751 (D.D.C June 17, 2008) that involved a claim for discrimination and arbitration. But that case had nothing to do with conversion and is an opinion from the United States District Court for the District of Columbia.

Evans stated "*Doe v. Citibank*, 2021 WL 2913620 (S.D. Fla.) confirms banks are responsible for failures of internal controls." This case does not exist.

Evans stated "*Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313 (M.D. Fla. 2002) recognizes fraud by omission." (Dkt. 1, p. 7). *Stires* did not involve fraud by omission. Rather, the case involved alleged sexual assault on a cruise ship where Carnival purportedly made false representations that there had been no previous problems and Carnival would ensure that the crew member was deported. *Id.* at 1317.

Evans stated "*Fowler v. Towse*, 900 F. Supp. 454 (S.D. Fla. 1995) recognizes heightened duties where banks take on responsibilities beyond routine banking." (Dkt. 1, p. 7). *Fowler* did not involve a bank or a bank's responsibilities. *Fowler* was an unpaid wage and maritime lien case. *Id.* at 457.

Evans stated "*Garcia v. Duffy*, 492 So. 2d 435 (Fla. 2d DCA 1986) holds employers liable where inadequate supervision enables employee misconduct." (Dkt. 1, p. 8). Evans misstated the holding. In *Garcia*, the appellate court affirmed a motion to dismiss based on failure to state a cause of action under respondeat superior and failure to state a cause of action for negligent hiring. *Id.* at 443.

18

The Court should strike the Complaint and sanction Evans because Evans included either hallucinated cases that do not exist or cases that do not stand for the propositions Evans has asserted. *See O'Brien v. Flick*, 2025 WL 242924, at *7 (S.D. Fla. Jan. 10, 2025) (sanctioning plaintiff by dismissing case where plaintiff failed to admit he used non-existent case citations whether generated through his use of generative AI or otherwise); *see also Crespo v. Tesla, Inc.*, 2025 WL 17999411, at *2 (S.D. Fla. June 30, 2025) (sanctioning plaintiff for citing non-existent citations and quotes and requiring plaintiff to apologize in writing and pay defendant for its reasonable attorneys' fees sustained in researching fake citations and filing a motion to strike); *see also United States v. Stephens*, 2025 WL 2840746 (S.D. Fla. Aug. 7, 2025) (sanctioning pro se plaintiff for submitting fake citations and imposing sanctions of attorneys' fees, requiring a written apology, requiring pro se party to attach to any paper filed with the court a signed declaration that discloses the use of AI tools and certifies that he has checked accuracy of any portion generated by AI, and that any paper filed without such declaration shall be stricken).

## IV.    CONCLUSION

More than 25 years after allegedly ending his banking relationship with a Nevada bank, not named in the Complaint as a party defendant, Evans decided it's time to find out what happened to the baseball cards he allegedly wheeled into the Bank's alleged predecessor in Nevada.

Evans failed to plead properly that this Court has subject matter jurisdiction or personal jurisdiction over the Bank. Evans also failed to allege plausible facts that support any of the causes of action and fails to plead the fraud Count with particularity. Evans asserted a cause of action for successor liability that does not exist as a free-standing cause of action. Evans's claims are all barred by the statute of limitations for events that accrued more than 25 or 30 years ago. If these pleading issues are not enough, Evans makes up -- hallucinates -- case law to support these

19

implausible claims. The Court should grant the Motion to Dismiss and Motion to Strike for the reasons set forth above, and award Defendant its attorney's fees and costs for preparing and filing this Motion.

Date: February 13, 2026

By: */s/Jeffrey Gilbert*
**JEFFREY GILBERT**
Florida Bar No. 375411
jeffrey.gilbert@gmlaw.com
melissa.fernandez@gmlaw.com
**PATRICIJA GEGZNAITE**
Florida Bar No. 1031253
patricija.gegznaite@gmlaw.com
**DARIEL ABRAHAMY**
Florida Bar No. 0014901
dariel.abrahamy@gmlaw.com
**GREENSPOON MARDER LLP**
600 Brickell Avenue, 36th Floor
Miami, FL 33131
Direct Phone Number: 305-789-2761

*Attorneys for Defendant City National Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certified that the foregoing document is being served this day on all counsel of record and on Pro se Plaintiff Evans as identified on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/Jeffrey Gilbert*
    **JEFFREY GILBERT**

20