UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

FILED BY _____ D.C.

FEB 17 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Brian Evans,

Plaintiff, Pro Se

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009

v.

City National Bank, a National Banking Association,

555 South Flower Street

Los Angeles, California 90071

Defendant.

CASE NO.: 0:25-cv-62656-WPD

FIRST AMENDED COMPLAINT

Plaintiff Brian Evans, appearing pro se, sues Defendant City National Bank and alleges as

follows:

JURISDICTION AND VENUE

1

Plaintiff is a natural person domiciled in Hallandale Beach, Florida and is therefore a citizen of the State of Florida.

Defendant City National Bank is a national banking association whose main office is located in California and is therefore a citizen of California for purposes of diversity jurisdiction under 28 U.S.C. § 1332. Complete diversity exists because Plaintiff is a Florida citizen and Defendant is not.

The amount in controversy exceeds $75,000 exclusive of interest and costs. The property at issue consists of multiple rare and vintage baseball cards of substantial collectible and market value. The aggregate present-day value exceeds the jurisdictional threshold. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Personal jurisdiction exists because Defendant conducts substantial, continuous, and systematic business within the State of Florida, including maintaining branch operations in Miami, Florida.

Defendant purposefully avails itself of conducting business in Florida, employs personnel here, and derives revenue from Florida operations.

Plaintiff resides in Florida and suffers economic injury in Florida due to Defendant's ongoing refusal to return property. Florida's long-arm statute, Fla. Stat. § 48.193, permits jurisdiction over a defendant who commits a tortious act within this state or causes injury within this state.

Defendant's continued retention of Plaintiff's property and refusal to respond to written demands sent from Florida cause injury in this State.

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides here and the injury is suffered here.

2

## GENERAL FACTUAL ALLEGATIONS

Between approximately 1996 and 2000, Plaintiff maintained a corporate banking relationship with Business Bank of Nevada.

Senior bank executive John Guedry communicated with Plaintiff through official bank email communications and instructed Plaintiff to bring valuable portions of his baseball card collection into the bank branch. The collection consisted of numerous rare and vintage baseball cards accumulated over years, including high-value cards widely recognized in the collectibles market.

Because of the quantity and value of the collection, Plaintiff transported multiple boxes into the branch using a dolly. The transfer occurred openly inside the bank during business hours, and the boxes were delivered directly into Guedry's custody. No receipt, custodial agreement, inventory list, or documentation was provided. Plaintiff reasonably believed that a regulated banking institution would maintain safeguards and internal controls for property accepted within its premises.

The property was never returned. No accounting was ever provided.

For many years, Plaintiff made repeated written demands seeking return of or an accounting for the property, including most recently in 2024 and again in November 2025. Defendant never denied possession, never disclaimed responsibility, and never provided an explanation.

Defendant later acquired Business Bank of Nevada and continued substantially the same enterprise. Defendant continues to exercise dominion over Plaintiff's property by failing to return it or account for its disposition.

## COUNT I – CONVERSION

3

Conversion occurs when a defendant wrongfully exercises dominion over property inconsistent with the owner's rights. Warshall v. Price, 629 So. 2d 903 (Fla. 4th DCA 1993).

Where possession is initially lawful, a cause of action accrues upon demand and refusal. Joseph v. Chanin, 940 So. 2d 483 (Fla. 4th DCA 2006); Bove v. PBW Stock Exchange, Inc., 382 So. 2d 450 (Fla. 3d DCA 1980).

Plaintiff owned the property and had the immediate right to possess it.

Defendant exercised dominion inconsistent with Plaintiff's ownership.

Plaintiff made repeated written demands over many years, and Defendant's silence constitutes refusal. Plaintiff suffered substantial damages as a direct result.

## COUNT II – FRAUDULENT MISREPRESENTATION

Fraudulent misrepresentation requires a false statement of material fact, knowledge of falsity, intent to induce reliance, and resulting injury. Butler v. Yusem, 44 So. 3d 102 (Fla. 2010).

Guedry, acting within actual or apparent authority, represented that Plaintiff should bring valuable collectibles into the bank.

Plaintiff reasonably relied on those representations and surrendered possession of valuable property. Defendant failed to disclose the absence of safeguards or documentation. Plaintiff suffered damages as a direct result of that reliance.

## COUNT III – BREACH OF FIDUCIARY DUTY

A fiduciary relationship arises when trust and confidence are placed in another who undertakes to act for the benefit of the other. Gracey v. Eaker, 837 So. 2d 348 (Fla. 2002).

By directing and accepting custody of high-value property inside the branch, Defendant undertook duties beyond an arm's-length transaction.

Defendant breached its duty by failing to safeguard or return the property.

Plaintiff suffered damages as a direct result.

## COUNT IV – NEGLIGENT SUPERVISION

An employer may be liable for negligent supervision where it fails to exercise reasonable care in supervising employees whose conduct causes harm. Garcia v. Duffy, 492 So. 2d 435 (Fla. 2d DCA 1986).

Defendant failed to implement safeguards or supervise handling of valuable property.

Such failures created a foreseeable risk of loss.

Plaintiff suffered damages as a proximate result.

## COUNT V – SUCCESSOR LIABILITY

Successor liability may attach where there is continuity of enterprise. Bernard v. Kee Mfg. Co., 409 So. 2d 1047 (Fla. 1982).

Defendant acquired and continued the operations of Business Bank of Nevada.

Defendant is responsible for liabilities arising from that conduct.

## CONCLUSION

Plaintiff further alleges that Defendant's conduct was not an isolated historical event but an ongoing course of wrongful dominion extending into the present, as Defendant has never

5

disclaimed possession, never produced an inventory, and never provided any accounting despite multiple written demands sent over many years, including recent written demands from Florida. Defendant's continued silence and refusal to investigate or respond, while maintaining active banking operations in Florida, constitutes a continuing tort causing ongoing economic injury within this State. Plaintiff reasonably relied on the integrity and internal safeguards of a federally regulated banking institution when surrendering possession of high-value collectibles inside the branch at the direction of a senior executive, and Defendant's failure to implement basic custodial procedures or supervisory controls foreseeably resulted in the loss and conversion of Plaintiff's property. These facts demonstrate purposeful availment of Florida, delayed accrual through demand and refusal, and Defendant's continuing responsibility as successor to the enterprise that accepted custody of the property.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests compensatory damages, pre- and post-judgment interest, costs, and such other relief as the Court deems just and proper.

Respectfully submitted,

Brian Evans

February 15, 2026

2080 S. Ocean Dr. – Suite 1505

Hallandale Beach, FL 33009

(954) 214-3076 – Email: belasvegas@yahoo.com

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of February, 2026, a true and correct copy of

the foregoing First Amended Complaint was served via U.S. Mail upon counsel for

Defendant at the following addresses:

Dariel Abrahmy, Esq.

GREENSPOON MARDER LLP

One Boca Place, Suite 400E

2255 Glades Road

Boca Raton, Florida 33431

Tel: (954) 491-1120

Email: dariel.abrahmy@gmlaw.com

and                    .

Jeffrey Gilbert, Esq.

GREENSPOON MARDER LLP

600 Brickell Avenue, Suite 3600

Miami, Florida 33131

Tel: (305) 789-2761

Email: jeffrey.gilbert@gmlaw.com

Respectfully submitted,

Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009

(954) 214-3076

# EXHIBIT A

**AFFIDAVIT OF BRIAN EVANS UNDER 28 U.S.C. Section 1746**

I, Brian Evans, declare under penalty of perjury as follows:

1. I am the Plaintiff in this action and have personal knowledge of the facts stated herein.

2. During the time period described in the Complaint, I personally delivered multiple boxes of valuable sports and entertainment collectibles into the custody of City National Bank personnel at a bank branch. The quantity of items was substantial and required transportation into the branch using a dolly.

3. The items were delivered after communications with a senior bank executive using an official bank email account, as described in the Complaint.

4. After the property was delivered into the bank's custody, I did not receive documentation accounting for the items, nor were the items returned to me.

5. Over the years, I made **repeated** requests for the return or accounting of the property. These included written communications and formal written demands, including written requests made in 2024 and a written demand dated November 24, 2025.

6. Despite these requests, City National Bank did not return the property, did not deny possession, and did not provide an accounting or explanation regarding the items.

7. Based on my personal knowledge, the bank maintained exclusive control over the information and records concerning the property while I sought its return.

8. I submit this affidavit to confirm the factual circumstances underlying my claims, including delivery of the property, repeated demands for return, and the bank's continued failure to respond or account for the items.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 15, 2026

Hallandale Beach, Florida

Brian Evans

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009



The UPS Store RFID Label

Tracking #

1Z361E83014711 6018

BRIAN EVANS
(954) 214-3076
APT 1505
2080 S OCEAN DR
HALLANDALE BEAC   FL 33009-6683

SHIP  WILKIE D FERGUSON JR US COURTHOUSE
TO:   CLERK OF THE COURT
      RM 8N09
      400 N MIAMI AVE

MIAMI FL 33128-1805

0.5 LBS LTR
SHP WT: LTR
DATE: 16 FEB 2026

FILED BY_____

FEB 17 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. · MIAMI

FL 330 9-03

UPS NEXT DAY AIR                              1

TRACKING #: 1Z 361 E83 01 4711 6018

BILLING: P/P

REF #1: UN

MMG6X5FBNZ58C ISH 13.00C ZZP 459 58.5U 12/2025

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.