**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(MIAMI DIVISION)**

**Case No. 0:25-CV-62656**

BRIAN EVANS

      Plaintiff,

v.

CITY NATIONAL BANK, a National
Banking Association,

      Defendant,

_____/

**<u>DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>**

Defendant City National Bank[1] ("Bank") moves to dismiss Plaintiff's First Amended Complaint (D.E. 21) pursuant to Fed. R. Civ. P. 9(b), 10(b), 12(b)(2), (6), and moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

## I.    Introduction

Plaintiff Brian Evans ("Evans") alleged that more than 25 years ago a bank executive at the Business Bank of Nevada, located in Las Vegas, Nevada, fraudulently induced Evans to bring his baseball card collection to the Bank's predecessor bank. Evans claimed the predecessor bank stole the baseball cards. Now, Evans has sued the Bank for conversion, fraud, breach of fiduciary duty, negligent supervision, and successor liability.

---

[1] City National Bank is a nationally chartered bank with its principal place of business located in Los Angeles, California. (D.E. 20).

This Court should dismiss this lawsuit for several compelling reasons.

First, the Court does not have personal jurisdiction over the Bank. General jurisdiction does not exist because Evans failed to allege facts to show that the Bank is incorporated in Florida, has its principal place of business in Florida, or is at home in Florida. And the Court does not have specific jurisdiction over the Bank because Evans failed to plead the Bank committed a tort within the state of Florida.

Second, the Complaint is devoid of sufficient factual allegations to state plausible claims against the Bank for conversion, fraud, breach of fiduciary duty, negligent supervision, and successor liability.

Third, Evans failed to plead fraud with particularity.

Fourth, Evans's claims are barred by the statute of limitations.

Fifth, Evans failed to comply with Fed. R. Civ. P. 10(b) because the Complaint does not state the claims in numbered paragraphs to enable the Bank to respond fully.

## II.    Alleged relevant facts

Pro se Plaintiff Evans's allegations center on the Bank's purported conversion of baseball cards and collectibles. (D.E. 21, pp. 2-3, 10). Between approximately 1996-2000, Evans alleged he maintained a corporate banking relationship with Business Bank of Nevada[2]. *Id.* at 3. He further alleged that a senior bank executive at the

---

[2] In the initial Complaint, Evans alleged that between approximately 1996 and 2000, Plaintiff Evans maintained a corporate business account at Business Bank of Nevada <u>in Las Vegas</u>. (D.E. 1, p. 2).   In the Amended Complaint, Evans purposefully and intentionally removed the phrase "in Las Vegas" in an attempt to manipulate the fact that the alleged acts, if they even occurred,

2

Business Bank of Nevada, John Guedry ("Mr. Guedry"), communicated with Evans through official bank email communications and instructed Evans to bring valuable portions of his baseball card collection into the bank branch. *Id.* [3] Evans alleged the collection consisted of numerous rare and vintage baseball cards, including high-value cards widely recognized in the collectibles market. *Id.* Evans alleged he brought multiple boxes of baseball cards into the branch at the Business Bank of Nevada and that he never received a receipt or any other documentation confirming the baseball cards were delivered to the Business Bank of Nevada. *Id.*

Evans alleged that for many years he repeated written demands seeking the return of or an accounting for the property, including in 2024 and November 2025 to the Bank seeking the return of, or an accounting for, the property.[4] *Id.* And Evans alleged the Bank did not respond to the demand letters. *Id.* at 3, 6.

## III. Argument

### A. The Court does not have personal jurisdiction over the Bank

A plaintiff seeking to establish personal jurisdiction over a nonresident defendant, whether general or specific long-arm jurisdiction, bears the initial threshold burden of alleging in the complaint sufficient facts to make out a prima

---

took place in Las Vegas, Nevada. (D.E. 21, p. 3). Plaintiff Evans presumably did so in an effort to manufacture personal jurisdiction in Florida even though none of the alleged acts took place in Florida. See *infra* Section III (A).

[3] Plaintiff Evans did not attach to the Complaint any of the alleged emails. Plaintiff Evans did not identify with any specificity in the Complaint the type of accounts that comprised the alleged "corporate banking relationship" with the Business Bank of Nevada.

[4] Plaintiff Evans did not attach to the Complaint a copy of any of the alleged written demand, including the alleged 2024 or November 2025 written demands.

facie case of jurisdiction. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F. 3d 1339, 1350 (11th Cir. 2013). Evans fails to plead facts to make out a prima facie case of jurisdiction in Florida.  Because Evans did not meet this threshold pleading burden, this Court must dismiss Evans's Amended Complaint.

A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009); See Fla. R. Civ. P. § 48.193(1), (2) (Florida's long-arm statute on specific jurisdiction and general jurisdiction).

### i.    Specific jurisdiction

Evans alleged tort claims of conversion, fraud, breach of fiduciary duty, and negligent supervision. Evans attempted to assert long-arm jurisdiction under Fla. Stat. §48.193(1)(a)(2), claiming the Bank committed a tortious act in this state. Evans did not allege facts to establish that the tort claims arise out of or relate to Florida. *See Bristol-Myers v. Superior Court of California*, 582 U.S. 225, 262 (2017) (a plaintiff's claims must arise out of or relate to the defendant's contacts with the forum for specific jurisdiction to exist).

Evans alleged that Mr. Guedry, a bank executive requested he bring baseball cards to the bank branch, that he transported multiple boxes into the branch, the transfer occurred during business hours, and the boxes were delivered directly into

the bank executive's custody. (D.E. 21, p. 3). Evans did not allege that he delivered the baseball cards to a branch in Florida, that the cards were transferred to Florida, converted in Florida, or that any of the torts accrued in Florida. Evans did not allege any facts to support that any of the communications with Mr. Guedry occurred in Florida. Evans's general, conclusory allegation that the Bank's alleged continued retention of Evans's property and refusal to respond to written demands sent from Florida cause injury in this State does not establish that a tort was committed in Florida. *See Valencia v. Horizon Attorneys and Counselors at Law PLC*, 2017 WL 7792619, at *4 (S.D. Fla. Dec. 8, 2017) (personal jurisdiction cannot be found unless the plaintiff establishes that the activities in Florida were essential to the success of the tort).

Evans did not allege facts to support a claim that the alleged conversion took place in Florida. The tort of conversion accrues where the tortfeasor exercises wrongful dominion and control over the property to the detriment of the rights of the owner. *See Envases Venzeolanos, S.A. v. Collazo*, 559 So. 2d 651, 653 (Fla. 3d DCA 1990) (conversion occurred in France and not Miami-Dade County where individual unlawfully directed a French bank in Paris to wire funds from a corporate account to a bank in Miami).

Evans failed to allege any facts to show that the fraudulent misrepresentations, breach of fiduciary duty, and negligent supervision arose out of or related to the Business Bank of Nevada's or the Bank's actions or activities in Florida.

Accordingly, this Court does not have specific personal jurisdiction over Defendant.

### ii.   General jurisdiction

The paradigm all-purposes forums for general jurisdiction are a corporation's place of incorporation and principal place of business. *Daimler AG v. Bauman*, 134 S.Ct. 746, 749 (2014). *Daimer* established that a corporation's operations in a forum other than its formal place of incorporation or principal place of business will be so substantial and of such a nature as to render the corporation at home in that State only in exceptional cases. *Id.* at 761 n. 19.

Evans alleged that the Bank is a national banking association whose main office is located in California, conducts substantial, continuous, and systematic business within the State of Florida, including maintaining branch operations in Miami, Florida, and derives revenue from Florida operations. (D.E. 21, p. 2).

Evans failed to allege whether the Bank is incorporated in Florida or has its principal place of business in Florida. Evans also did not allege any facts to support that the Bank engages in substantial and not isolated activity in Florida to support general jurisdiction. Evans's conclusory statement that Defendant conducts substantial, continuous, and systematic business within the State of Florida, including maintaining branch operations in Miami, Florida, employs personnel in Florida, and derives revenue from Florida operations does not make out a prima facie case for general jurisdiction. *See Carmouche v. Tamborlee Management, Inc.*, 789 F. 3d 1201, 1204 (11th Cir. 2015) (accepting all allegations as true, defendant not subject

6

to general jurisdiction where entity not found "at home" in Florida despite having a Florida bank account, two Florida addresses, purchasing insurance from Florida companies, filing a financing statement with the Florida Secretary of State, joining a non-profit trade organization based in Florida, and consenting to the jurisdiction in the Southern District of Florida for all lawsuits arising out of its agreements). Therefore, the Bank is not subject to general jurisdiction in Florida.

**B.    Evans failed to plead sufficient facts to state a claim under Rule (12)(b)(6).**

This Court must determine whether the Complaint sets forth sufficient factual allegations to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must plead enough facts to state a claim for relief that is plausible on its face. *Id.* at 570. Conclusory allegations are not entitled to be assumed true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**i.    Conversion**

Conversion is an "act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." *Edwards v. Landsman*, 51 So. 3d 1208, 1213 (Fla. 4th DCA 2011). "[T]o state a claim for conversion, one must allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted dominion over that property." *Id.*

7

Evans alleged generalized, conclusory allegations about a purportedly valuable baseball card collection. These vague descriptions fall far short of the factual specificity required to establish ownership of identifiable property. Evans failed to allege the exact number of baseball cards he owned and delivered more than 25 years ago to the Business Bank of Nevada. There are no allegations regarding the specific identity of each card by player name, year, manufacturer, or card number. Evans did not allege any documentary evidence of ownership, such as purchase receipts, insurance records, appraisals, or certification from grading services, or an inventory or itemized list of what was purportedly delivered in Las Vegas, Nevada to the Business Bank of Nevada more than 25 years ago.

Evans's references to an alleged high-value baseball card collection and multiple boxes of valuable baseball cards are conclusory allegations. Conversion is a tort against specific property, not against categories or classes of property. *See Taubenfeld v. Lasko*, 324 So. 3d 529, 541–42 (Fla. 4th DCA 2021) (plaintiff failed to state a cause of action for conversion of cash because plaintiff failed to allege specific money capable of identification).

Even if Evans adequately alleged ownership and delivery, his Complaint failed to allege facts showing that the Bank wrongfully asserted dominion over any specific, identifiable property.

Evans alleged he transported the items more than 25 years ago into the Business Bank of Nevada on a dolly and that Mr. Guedry took physical possession of the property inside that branch. But Evans does not allege the specific items that

8

were placed in the boxes on the dolly, an itemized description of what was in each box, what specific baseball cards were allegedly provided to Mr. Guedry, when they were provided, or what specific cards the Business Bank of Nevada allegedly retained, lost, destroyed, or failed to return to Evans.

Without factual allegations identifying which specific cards were delivered and converted, Evans's claims are nothing more than a speculative assertion that something valuable was taken and not returned to him more than 25 years ago by the Business Bank of Nevada.  His allegations are so generalized that the Bank cannot reasonably ascertain what property is allegedly at issue or prepare a meaningful defense. Evans's statements, even if assumed true, do not specify how many such cards existed, their condition, their value, or whether they were actually delivered to the Business Bank of Nevada.  Accordingly, this Court should dismiss Count I - Conversion for failure to state a claim.

### ii.   This Court should dismiss Plaintiff's Fraud claim pursuant to 12(b)(6) and Rule 9(b)

The four required elements of a fraudulent misrepresentation claim are: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation. *Butler v. Yusem*, 44 So. 3d 102, 103 (Fla. 2010).

A party must state with particularity the circumstances constituting the alleged fraud. Fed. R. Civ. P. 9(b). A plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place and person responsible

for the statement; (3) the content and manner in which these statements misled the Plaintiffs and (4) what the defendants gained by the alleged fraud. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010); Fed. R. Civ. P. 9(b). To state a claim for fraud, a plaintiff must allege with particularity the manner in which he relied on the defendants' statements. *Fernau v. Enchante Beauty Products, Inc.*, 847 Fed. Appx. 612, 622 (11th Cir. 2021); *See Wilding v. DNC Services Corp.*, 941 F.3d 1116, 1128 (11th Cir. 2019) (dismissing claim for fraud claim for failing to comply with Rule 9(b)).

This Court must dismiss Evans's fraud claim because it fails to satisfy both the substantive elements required under Florida law and the heightened pleading standard mandated by Federal Rule of Civil Procedure 9(b).

The first element fails because Evans did not identify any specific false statement made by the Bank. Evans alleged broadly that Mr. Guedry communicated through official bank email communications, presumably more than 25 years ago, instructing Evans to bring baseball cards into the Business Bank of Nevada. Evans did not identify what representation in these emails was false.

Evans appeared to suggest that the emails contained an implicit misrepresentation that the Business Bank of Nevada needed Evans to bring the baseball cards for legitimate account-related purposes, and that the Business Bank of Nevada would properly document, safeguard, and return the property. But Evans never alleged that Mr. Guedry made any affirmative statement, whether explicit or implicit, regarding how the items would be handled, why Evans needed to bring them

10

to the Business Bank of Nevada, what custodial procedures would be followed, or what documentation would be provided. Without allegations identifying a specific false statement, Evans has not satisfied the threshold requirement for alleging a claim of fraud under Florida law.

Evans did not allege the date, time, place or the precise statements constituting the alleged misrepresentations. Evans claims Mr. Guedry communicated with Evans via email. But he does not attach the emails or explain what specific false factual representation the emails or any other communication contained. Without identifying the precise false statement, the Complaint fails Rule 9(b)'s particularity requirement.

Evans failed to allege the content and manner in which these statements misled him. Evans did not explain how he understood Mr. Guedry's emails, what he believed they promised, or why he was justified in relying on them. Evans's generalized statement that the Business Bank of Nevada failed to disclose the absence of safeguards or documentation is not a fraudulent misrepresentation and does not satisfy the particularity requirement under Rule 9(b). Evans must allege with particularity the manner in which he relied on the statements. While Evans alleged that he brought multiple boxes of baseball cards into the Business Bank of Nevada on a dolly, he does not connect any specific misrepresentation to his decision to do so. Accordingly, this Court should dismiss Count II – Fraud for failure to state a claim and for failure to satisfy Rule 9(b).

11

### iii.    Fiduciary duty

"[T]he elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiffs damages." *Jaffe v. Bank of America, N.A.*, 667 F. Supp. 2d 1299, 1318-19 (S.D. Fla. 2009), citing *Gracey v. Eaker,* 837 So.2d 348, 353 (Fla. 2002).

"To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Jaffe*, 667 F. Supp. at 1319 (citations omitted). Generally, "[i]n an arms-length transaction, however, there is no duty imposed on either party to act for the benefit or protection of the other party, or to disclose facts that the other party could, by its own diligence have discovered." *Id*. A long-standing business relationship between a bank and its customer, without more, does not create a fiduciary relationship. *See Azar v. National City Bank*, 2009 WL 3668460, at * 2 (S.D. Fla. Oct. 26, 2009). The fact that one party trusted another, without more, does not create a fiduciary relationship. *Id.*

Evans has alleged nothing more than that he maintained a corporate banking relationship (he does not identify the type of accounts he or his corporate entity maintained) at Business Bank of Nevada between 1996 and 2000, and that this executive more than 25 years ago personally communicated with Evans through official bank email communications. (D.E. 21, p. 3).

These allegations describe nothing more than an ordinary, arm's-length commercial banking relationship. Evans has not alleged that the Business Bank of Nevada undertook any special advisory role, that Evans was particularly vulnerable

or dependent on any guidance regarding the baseball cards, or that the Business Bank of Nevada assumed any duty to protect Evans's interests beyond the normal duties incident to a banking relationship. Plaintiff did not allege that the Business Bank of Nevada held itself out as an expert in collectibles, offered to appraise or advise Evans regarding the cards, and acted in any capacity other than as a depository institution. Accepting custody of property from a customer, even valuable property, does not transform an arm's-length banking relationship into a fiduciary one. Evans has not asserted anything more than a longstanding relationship between himself and the Business Bank of Nevada.  Accordingly, this Court should dismiss Count III – Fiduciary Duty for failure to state a claim.

### iv.   Negligent supervision

Negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment. *Department of Environmental Protection v. Hardy*, 907 So. 2d 655, 660 (Fla. 5th DCA 2005). The plaintiff must allege facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action. *Id.* The employer's liability for negligent supervision is not, however, unlimited; not only must the employer owe a duty to the plaintiff, but the breach of that duty must be the proximate cause of the plaintiff's

harm. There must be a connection and foreseeability between the employee's employment history and the current tort committed by the employee. *Id.*

Evans claimed that the Business Bank of Nevada failed to implement safeguards or supervise handling of valuable property and that such failures created a foreseeable risk of loss. Evans does not allege which employee the Business Bank of Nevada failed to supervise. If Evans claims that the Business Bank of Nevada failed to supervise Mr. Guedry, then Evans did not allege that the employer became aware of or should have become aware of any issues with Mr. Guedry, his unfitness, notice of his unfitness, or failure to take action. Evans has failed to plead facts to support a connection between Mr. Guedry's employment history and the torts Evans claims occurred. Accordingly, this Court should dismiss Count IV – Negligent Supervision for failure to state a claim.

### v.     Successor liability

In Count V, Evans alleged a freestanding claim for successor liability. Successor liability cannot be pled as a freestanding cause of action. *See TMCT PLLC v. Wright*, 2025 WL 2336079, at \*11, (S.D. Fla. June 13, 2025), *report and recommendation adopted by TMCT PLLC v. Wright*, 2025 WL 1832833 (S.D. Fla. July 3, 2025) (dismissing standalone cause of action for successor liability because the theory of successor liability merely provides a plaintiff an alternative entity from who to recover; it does not create a new cause of action against the successor which is independent of the underlying tort). Accordingly, this Court should dismiss Count V.

### C.    Evans's claims are barred by the statute of limitations

If facts on the face of the pleadings show that the statute of limitations bars the action, then the defense can be raised by a motion to dismiss. *Azumi LLC v. Lott & Fischer, PL*, 2022 WL 17977188, at *3 (S.D. Fla. Dec. 27, 2022). A cause of action accrues for statute of limitations purposes when the last element constituting the cause of action occurs. *Medical Jet, S.A. v. Signature Flight Support-Palm Beach, Inc.*, 941 So. 2d 576, 577 (Fla. 4th DCA 2006).

Evans's tort claims, Count I – Conversion, Count II – Fraud, and Count III – Breach of Fiduciary Duty, are subject to a four-year statute of limitations. See Fla. Stat. § 95.11(3) (four years for conversion), *see also, Bove v. PBW Stock Exchange, Inc.*, 382 So. 2d 450, 452 (Fla. 2d DCA 1980); See Fla. Stat. § 95.11(3)(j) (four years for fraud), Fla. Stat. § 95.11(3)(o) (four years for breach of fiduciary duty). A claim for Negligence is subject to a two-year statute of limitations under the current version of the statute, or a four-year statute of limitations under the prior version of the statute. See Fla. Stat. § 95.11(5)(a)(2025) (two years for negligence), See Fla. Stat. §95.11(3)(a)(2022) (four years for negligence).

This action was filed on December 23, 2025. The events giving rise to Evans's claims occurred allegedly between approximately 1996 and 2000.[5] Therefore, the tort claims, allegedly between 26 and 30 years old, are facially barred by the statute of limitations.

---

[5] Importantly, Defendant Bank acquired certain assets of the Business Bank of Nevada on or about April 30, 2007, more than seven (7) years after the alleged claims of wrongdoing by Business Bank of Nevada.

### i.    Conversion

As to the tort of conversion, that act constitutes the exercise of wrongful dominion and control over the property to the detriment of the rights of its actual owner. *Envases Venzeolanos. S.A.*, 559 So. 2d 651, 652 (Fla. 3d DCA 1990). Conversion occurs at the moment of the wrongful taking or detention, not when a demand is made or refused. *See Harrell v. Allen*, 439 F. 2d 1005, 1007 (5th Cir. 1971) (if before demand and refusal, an actual conversion has already occurred, the evidence of demand and refusal relates back to the time of the actual conversion.).

Evans appears to allege that he delivered baseball cards to the Business Bank of Nevada sometime between 1996 and 2000, and that his business relationship with the Business Bank of Nevada continued through approximately 2000. The statute of limitations began to run at the latest when Evans's banking relationship with Business Bank of Nevada reportedly terminated in 2000. At that point, any reasonable person would have understood that if valuable property had been entrusted to that bank, then it should have been returned or accounted for upon termination of the alleged banking relationship. Evans's alleged failure to recognize the loss of his property for more than 25 years does not extend the limitations period.

Evans recognized that he has a statute of limitations problem and attempted to allege a continuing tort of conversion to cure the statute of limitations issue. Evans alleged that he suffered economic injury due to the Bank's "ongoing refusal to return property" and "[f]or many years, Plaintiff made repeated written demands seeking

16

the return of or an accounting for the property, including most recently in 2024 and again in November 2025." (D.E. 21, p. 2-3). But this is not a continuing tort.

A continuing tort is established by continual acts, not by continual harmful effects from the original, completed act. *Black Diamond Properties, Inc. v. Haines*, 69 So. 3d 1090, 1094 (Fla. 5th DCA 2011) (continuing tort doctrine did not apply because damage-causing act was completed at the time the Plaintiffs purchased the memberships in reliance on Defendants' misrepresentations). Evans alleged he delivered the baseball cards to the Business Bank of Nevada more than 25 years ago. He alleged his written demands (which he does not attach) date back many years, presumably back to 2000. *See Maddan v. Okaloosa County*, 358 So. 3d 834, 839-41 (Fla. 1st DCA 2023) (cause of action for tort accrued no later than the date on which the first claim letter was sent to the County). The Conversion claim is barred by the four-year statute of limitations.

### ii. Fraud

A fraud claim accrues when the plaintiff either discovers the fraud or should have discovered it through the exercise of reasonable diligence. *First Federal Sav. &L Loan Ass'n of Wisconsin v. Dade Federal Sav. & Loan Ass'n*, 403 So. 2d 1097, 1100 (Fla. 5th DCA 1981). "Discovery...of the facts" as used in this section is defined by an objective, not subjective standard and means knowledge of facts which would have been discovered in the exercise of due diligence. *Id.*

Evans alleged the Business Bank of Nevada executive misrepresented that Evans needed to bring in his baseball cards to the branch. A reasonable person

exercising minimal diligence would have inquired about documentation to support the purpose of bringing baseball cards to a bank, requested a receipt, or at minimum asked what custodial procedures the bank would follow. Evans knew what he received or did not receive 25 years ago when he allegedly brought his cards to the bank branch. Evans cannot wait more than 25 years to file a lawsuit based on fraud. This demonstrates a lack of reasonable diligence and cannot toll the statute of limitations. The Fraud claim is barred by the four-year statute of limitations.

### iii.    Fiduciary Duty

While a fiduciary duty does not exist, Evans alleged that Mr. Guedry used his official Business Bank of Nevada email to direct Evans to bring valuable property into that bank and that the Business Bank of Nevada breached fiduciary duties by failing to document or safeguard the property. All of these alleged failures occurred at the time Evans delivered the property and observed the alleged lack of any formal intake procedures. The alleged injury and loss of the property was complete no later than when Evans's banking relationship with the Business Bank of Nevada ended in or around 2000. The four-year statute of limitations bars the Breach of Fiduciary Duty claim.

### iv.    Negligent Supervision

In March 2023, the statute of limitations for negligence claims was changed from 4 years to 2 years. *See Kindred Hospitals East, LLC v. Medical Mutual Services, LLC*, at *11 n. 12 (M.D. Fla. June 11, 2025); *compare* Fla. Stat. §95.11(5)(a) (2025) and Fla. Stat. §95.11(3)(a) (2022). Evans's negligent supervision claims are barred

regardless of whether the Court applies the two-year or four-year statute of limitations period.

Evans claims that the Business Bank of Nevada failed to implement safeguards or supervise handling of valuable property.  Evan does not allege who the Business Bank of Nevada failed to supervise. But if Evans claims that the Business Bank of Nevada failed to supervise Mr. Guedry, then this occurred allegedly at some point between 1996 and 2000. Evans's claims for negligent supervision, occurring purportedly more than 25 or 30 years ago, are barred by the two-year statute of limitations.

**D.     The Complaint fails to comply with Fed. R. Civ. P. 10(b) because it does not state the claims in numbered paragraphs**

Fed. R. Civ. P. 10(b) provides that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); *see Watkins v. Bigwood*, 2020 WL 1166720, at * 6 (S.D. Fla. Mar. 11, 2020) (granting request for more definite statement because pro se plaintiff failed to comply with Rule 10(b) requirement of statement claims in numbered paragraphs).

Evans's Complaint includes long unnumbered paragraphs and is not structured to enable the Bank properly and fully to respond to the allegations. Evans should be required to separate the allegations into numbered paragraphs pursuant to Rule 10(b).

**IV.    Conclusion**

More than 25 years after allegedly ending his banking relationship with the Business Bank of Nevada, then located in Las Vegas, Nevada and not named now in the Complaint as a party defendant, Evans decided it was time to find out what happened to the baseball cards he allegedly wheeled into the Bank's alleged predecessor.

Evans failed to plead properly in his First Amended Complaint that this Court has personal jurisdiction over the Bank. Evans also failed to allege plausible facts that support any of the causes of action and failed to plead the fraud Count with particularity. Evans asserted a cause of action for successor liability that does not exist as a free-standing cause of action.

Evans's claims are all barred by the statute of limitations for alleged events that accrued more than 25 or 30 years ago. Evans previously filed a Complaint (D.E. 1). The Bank filed a formidable Motion to Dismiss because the claims were implausible under Rule 12(b)(6) and barred by the statute of limitations (D.E. 17). Evans elected to amend his Complaint. But these claims are still implausible and definitely barred by the statute of limitations. The Court should grant the Motion to Dismiss the First Amended Complaint with prejudice for the reasons set forth above. *See Estate of Cosio v. Alvarez*, 181 Fed. Appx. 894, 896 (11th Cir. 2006) (dismissal with prejudice proper after plaintiff amended complaint and failed to allege any viable federal claim).

Date: March 3, 2026

By: /s/ JEFFREY GILBERT
**JEFFREY GILBERT**
Florida Bar No. 375411
jeffrey.gilbert@gmlaw.com
melissa.fernandez@gmlaw.com
**PATRICIJA GEGZNAITE**
Florida Bar No. 1031253
patricija.gegznaite@gmlaw.com
**DARIEL ABRAHAMY**
Florida Bar No. 0014901
dariel.abrahamy@gmlaw.com
**GREENSPOON MARDER LLP**
600 Brickell Avenue, 36th Floor
Miami, FL 33131
Direct Phone Number: 305-789-2761
*Attorneys for Defendant City National Bank*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 3, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certified that the foregoing document is being served this day on Pro se Plaintiff Evans as identified on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: s/ JEFFREY GILBERT
    **JEFFREY GILBERT**