FILED BY_____D.C.

MAR 10 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 0:25-cv-62656-WPD

BRIAN EVANS,

Plaintiff, Pro Se

v.

CITY NATIONAL BANK,

a National Banking Association,

Defendant.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT'S**

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiff Brian Evans, appearing pro se, respectfully moves for leave to file a short sur-reply

addressing new arguments raised for the first time in Defendant City National Bank's Reply

(D.E. 25).

**I. INTRODUCTION**

1

Defendant's Reply introduces new arguments not raised in the Motion to Dismiss, including a statute-of-limitations argument based on Plaintiff's reference to an initial demand in 2000, and a claim that Plaintiff improperly supplemented his Complaint through his Opposition.

Plaintiff's Opposition explained that possession of the baseball card collection was initially lawful and that under Florida law conversion accrues upon demand and refusal. Plaintiff also explained that additional written demands were made throughout the decades, including as recently as 2025, and Defendant never responded.

Because Defendant's new arguments appear for the first time in the Reply, fairness warrants permitting Plaintiff a brief Sur-reply.

## II. LEGAL STANDARD

Courts within the Eleventh Circuit permit sur-replies where a reply raises new arguments that the opposing party had no opportunity to address.

Additionally, when deciding a Rule 12(b)(6) motion, courts must accept well-pleaded factual allegations as true and draw reasonable inferences in favor of the plaintiff. See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1380 (11th Cir. 2010).

## III. DEFENDANT RAISES NEW ARGUMENTS IN ITS REPLY

Defendant asserts for the first time that Plaintiff admitted the statute of limitations began in 2000. This mischaracterizes Plaintiff's Opposition. Plaintiff explained that multiple demands were made over time and that Defendant never responded.

2

Under Florida law, where possession begins lawfully, conversion accrues when a demand for return is made and refused. See Joseph v. Chanin, 940 So.2d 483 (Fla. 4th DCA 2006); Bove v. PBW Stock Exchange, Inc., 382 So.2d 450 (Fla. 3d DCA 1980).

Because Defendant never denied possession, never provided an accounting, and never returned the property, accrual presents a factual issue inappropriate for resolution at the motion-to-dismiss stage.

## IV. PLAINTIFF WAS PERMITTED TO CLARIFY ALLEGATIONS IN HIS OPPOSITION

Defendant argues that Plaintiff improperly supplemented the Complaint through his Opposition. However, at the pleading stage a plaintiff may clarify factual allegations and explain the basis of his claims.

Courts must accept the allegations as true and draw reasonable inferences in favor of the plaintiff. Speaker, 623 F.3d at 1380.

## V. PERSONAL JURISDICTION REMAINS PROPERLY ALLEGED

Plaintiff did not waive jurisdiction and in fact emphasized that Defendant maintains branch operations in Florida and conducts substantial banking operations in this District.

Eleventh Circuit precedent recognizes personal jurisdiction where intentional conduct is directed toward a Florida resident and causes injury in Florida. See Licciardello v. Lovelady, 544 F.3d 1280, 1287-88 (11th Cir. 2008).

Similarly, jurisdiction exists where a defendant purposefully directs conduct toward the forum state. See Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339 (11th Cir. 2013).

3

Additional Eleventh Circuit precedent further supports jurisdiction where defendants conduct substantial business activities in Florida or where effects are felt here. See Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264 (11th Cir. 2002); Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210 (11th Cir. 2009).

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file a short sur-reply addressing the new arguments raised in Defendant's Reply.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Pursuant to S.D. Fla. L.R. 7.1(a)(3), Plaintiff certifies that he conferred with counsel for Defendant regarding the relief requested in this motion. Plaintiff spoke with Jeffrey Gilbert, counsel for Defendant City National Bank, by telephone on March 9, 2026 at approximately 12:20 p.m. Counsel for Defendant stated that Defendant opposes the relief requested in this motion.

Respectfully submitted,

Brian Evans

2080 South Ocean Drive, Apartment 1505

Hallandale Beach, Florida 33009

Telephone: 954-214-3076

4

Date: March 9, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 9, 2026, I served the foregoing document via U.S. Mail,

First-Class postage prepaid upon:

Jeffrey Gilbert, Esq.

Patricija Gegznaite, Esq.

Dariel Abrahamy, Esq.

Greenspoon Marder LLP

600 Brickell Avenue, 36th Floor

Miami, FL 33131

Telephone: 305-789-2761

Attorneys for Defendant City National Bank

Brian Evans

2080 South Ocean Drive, Apartment 1505

Hallandale Beach, Florida 33009

Telephone: 954-214-3076

5



The UPS Store RFID Label

Tracking #

1Z361E8303B614 2181

BRIAN EVANS
(954) 214-3076
APT 1505
2080 S OCEAN DR
HALLANDALE BEAC   FL 33009-6683

1 LBS           1 OF 1
SHP WT: 1.LBS
DATE: 09 MAR 2026

SHIP TO:
WILKIE D FERGUSON JR US COURTHOUSE
CLERK OF THE COURT
RM 8N09
400 N MIAMI AVE

MIAMI   FL 33128-1805

REC'D BY_____ D.C.

MAR 10 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

FL 330 9-03

UPS GROUND
TRACKING #:  1Z 361 E83 03 8614 2181

BILLING: P/P