UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

Case No. 0:25-CV-62656

BRIAN EVANS

     Plaintiff,

v.

CITY NATIONAL BANK, a National
Banking Association,

     Defendant,

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE SUR-REPLY TO DEFENDANT'S REPLY IN
SUPPORT OF MOTION TO DISMISS**

Defendant City National Bank ("Bank") submits this Response to Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Reply in Support of Motion to Dismiss (D.E. 29) and moves to strike Plaintiff's Sur-Reply titled "Plaintiff's Supplemental Notice of Authority" (D.E. 27) pursuant to Fed. R. Civ. P. 12(f).

**I.    Legal Standard**

A district court's decision to permit the filing of a sur-reply is purely discretionary and generally should be allowed only when a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief. *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 Fed. Appx. 777, 788 (11th Cir. 2008) (internal quotations omitted). A party is not permitted to file a sur-reply without leave of court. See Local Rule 7.1(c)(1); *Balbin v. Concepcion*, 2019 WL

13156067, at *1 (S.D. Fla., April 29, 2019) (striking unauthorized sur-reply and set of exhibits to the sur-reply).

### II.     The Bank did not raise new arguments in its reply brief

In the Motion to Dismiss Amended Complaint, the Bank argued that the statute of limitations barred Evans's causes of action. (D.E. 23, p. 15-19). In his Opposition, Evans admitted that he made his initial demand for his baseball cards in the year 2000. (D.E. 24, p. 8). In its Reply, the Bank directly addressed Evans's specific statement about the year Evans made his first demand and explained why Evans's claims are barred by the statute of limitations. (D.E. 25, p. 1-2). The Bank did not raise a new argument about the statute of limitations.

In its Reply, the Bank also argued that Evans improperly attempted to supplement the First Amended Complaint through his Opposition brief. (D.E. 25, p. 7). Evans raised new factual allegations about the identity of various cards for the first time in his Opposition (D.E. 24, pp. 2-3). Evans did not include these allegations in the First Amended Complaint. *Id.* The Bank's reply rebutted the matters raised for the first time in the Opposition. See Local Rule 7.1(c)(1).

Evans claimed that the Bank's argument about Evans's new allegations in his Response to the Motion to Dismiss are merely to clarify factual allegations and explain the basis of his claims. Evans cited to *Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention*, 623 F. 3d 1371, 1380 (11th Cir. 2010). *Speaker* is inapposite. *Speaker* addressed the plausibility analysis of *Ascroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S.

544 (2007). *Id.* at 1380, 1384-85. *Speaker* did not involve a situation where a plaintiff attempted to clarify the allegations in a complaint by adding new facts in a response to a motion to dismiss.

### III.    Conclusion

The Court should deny Evans's Motion for Leave to file a Sur-Reply because the Bank addressed the arguments raised in the Opposition and did not introduce new arguments in the Reply. The Court should strike the document titled "Notice of Supplemental Authority" (D.E. 27) as an unauthorized sur-reply.

Date: March 11, 2026

By: /JEFFREY GILBERT
**JEFFREY GILBERT**
Florida Bar No. 375411
jeffrey.gilbert@gmlaw.com
melissa.fernandez@gmlaw.com
**PATRICIJA GEGZNAITE**
Florida Bar No. 1031253
patricija.gegznaite@gmlaw.com
**DARIEL ABRAHAMY**
Florida Bar No. 0014901
dariel.abrahamy@gmlaw.com
**GREENSPOON MARDER LLP**
600 Brickell Avenue, 36th Floor
Miami, FL 33131
Direct Phone Number: 305-789-2761
*Attorneys for Defendant City National Bank*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 11, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certified that the foregoing document is being served this day on Pro se Plaintiff Evans as identified on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: <u>s/ JEFFREY GILBERT</u>
    **JEFFREY GILBERT**