**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

FILED BY _____ D.C.

MAR 12 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Case No. 0:25-cv-62656-WPD

BRIAN EVANS,

Plaintiff,

v.

CITY NATIONAL BANK,

Defendant.

_____/

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY**

**I. INTRODUCTION**

Plaintiff Brian Evans, proceeding pro se, submits this Reply in Support of his Motion for Leave to File a Sur-Reply. Defendant's opposition mischaracterizes Plaintiff's Opposition to the Motion to Dismiss as introducing new claims. In reality, Plaintiff's Opposition merely expanded upon factual allegations already contained in the Complaint in order to respond to arguments raised in Defendant's Motion to Dismiss.

1

Defendant's Reply introduced new arguments and mischaracterizations for the first time, including a statute-of-limitations theory based on the assertion that Plaintiff's demand occurred only in the year 2000. Plaintiff's filings make clear that his demands were ongoing between approximately 2000 and 2025, with the most recent demand occurring in 2025 and receiving no response from Defendant. Because those arguments were first raised in Defendant's Reply, Plaintiff had no opportunity to respond prior to filing his Motion for Leave to File a Sur-Reply.

## II. PLAINTIFF'S OPPOSITION EXPANDED UPON ALLEGATIONS ALREADY CONTAINED IN THE COMPLAINT

The Complaint already alleges that Plaintiff demanded the return or accounting of property held by Defendant and that Defendant failed to respond to those demands. In responding to Defendant's Motion to Dismiss, Plaintiff necessarily clarified and expanded upon these allegations to address Defendant's legal arguments. Such clarification does not create new claims; it simply explains the factual allegations already pleaded.

## III. DEFENDANT MISCHARACTERIZED THE TIMELINE OF PLAINTIFF'S DEMANDS

Defendant's Reply asserts that Plaintiff's claim accrued in the year 2000. This characterization ignores Plaintiff's allegations that his demands were ongoing and repeated between approximately 2000 and 2025. By isolating a single date while disregarding the continuing nature of Plaintiff's demands, Defendant's Reply advances a new factual theory that Plaintiff had no opportunity to address before the Reply was filed.

## IV. DEFENDANT'S REPLY RAISED NEW ARGUMENTS

Courts in this District permit sur-replies when a reply brief introduces new arguments or theories. *See Lady of America Franchise Corp. v. Arcese*, No. 06-61369-CIV, 2007 WL 2209248 (S.D. Fla. July 30, 2007). The Eleventh Circuit has likewise recognized that arguments raised for the first time in a reply brief are disfavored because the opposing party has no opportunity to respond. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338 (11th Cir. 2005).

## V. DEFENDANT CANNOT RELY ON NEW ARGUMENTS WHILE PREVENTING A RESPONSE

Defendant's position effectively asks the Court to consider arguments raised for the first time in its Reply while simultaneously preventing Plaintiff from responding to those arguments. Allowing such a tactic would create an unfair procedural imbalance and deprive the Court of a **fully developed record.**

## VI. PLAINTIFF'S PRO SE STATUS

Plaintiff is proceeding pro se and his pleadings must be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir. 1998).

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to File a Sur-Reply.

Respectfully submitted,

Brian Evans

3

Plaintiff, Pro Se

2080 South Ocean Drive, Suite 1505

Hallandale Beach, Florida 33009

Telephone: 954-214-3076

Dated: March 11, 2026

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2026, I served a true and correct copy of the foregoing

document upon counsel of record via US Post Office first class pre-paid mail to:

Dariel Abrahamy

GREENSPOON MARDER LLP

One Boca Place, Suite 400E

2255 Glades Road

Boca Raton

Boca Raton, FL 33431

954-491-1120

Fax: 954-343-6972

Email: dariel.abrahamy@gmlaw.com

4

&

Jeffrey Gilbert

Greenspoon Marder, LLP

600 Brickell Avenue

Ste 3600

Miami, FL 33131

305-789-2761

Email: jeffrey.gilbert@gmlaw.com

Counsel for Defendant City National Bank

Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive, Suite 1505

Hallandale Beach, Florida 33009

Telephone: 954-214-3076

5



BRIAN EVANS
(954) 214-3076
APT 1605
2080 S OCEAN DR
HALLANDALE BEAC  FL 33009-6683

1 LBS
SHP WT: 1 LBS
DATE: 11 MAR 2

1 OF 1

SHIP TO:
WILKIE D FERGUSON JR US COURTHOUSE
CLERK OF THE COURT
RM 8N09
400 N MIAMI AVE

MIAMI  FL 33128-1805

FL 330 9-03

UPS GROUND

TRACKING #:  1Z 361 E83 03 5298 6173

BILLING: P/P

REF



RECD BY                    D/C

MAR 1 2 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

The UPS Store RFID Label

Tracking #

1Z361E83035298  6173