**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-62656-DIMITROULEAS/STRAUSS**

**BRIAN EVANS,**

     Plaintiff,

v.

**CITY NATIONAL BANK,**

     Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>[1]

THIS MATTER came before the Court upon Defendant's Motion to Dismiss First Amended Complaint ("Motion") [DE 23].  I have reviewed the Motion, the briefing thereon [DE 24, 25], and all other pertinent portions of the record.  For the reasons discussed herein, I respectfully **RECOMMEND** that this action be **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

## <u>BACKGROUND</u>

From around 1996 through 2000, Plaintiff (who is *pro se*)[2] maintained a banking relationship with Business Bank of Nevada ("Nevada Bank").  First Amended Complaint ("FAC")

---

[1] This case has been referred to me pursuant to 28 U.S.C. § 636 for a ruling on all non-dispositive matters and for a Report and Recommendation on any dispositive matter [DE 12].

[2] *Pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys.  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).  "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).  Moreover, *pro se* litigants are required to comply with procedural rules.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d

[DE 21] at 3.  Defendant has since acquired Nevada Bank.  *Id.*  During the course of Plaintiff's relationship with Nevada Bank, John Guedry ("Guedry"), a Nevada Bank executive, instructed Plaintiff to bring valuable portions of Plaintiff's baseball card collection into a bank branch.  *Id.* Plaintiff subsequently delivered multiple boxes of Plaintiff's baseball cards to Guedry inside the bank during business hours, and Guedry took custody of the boxes of baseball cards.  *Id.*  Plaintiff has made repeated written demands for the return of the baseball card collection over many years, including in November 2025 (the month before Plaintiff filed this case).  *Id.*  However, Plaintiff's baseball card collection has not been returned, and no accounting or explanation has been provided in response to Plaintiff's demands.  *Id.*  Based upon the foregoing, Plaintiff asserts the following claims against Defendant: (I) Conversion; (II) Fraudulent Misrepresentation; (III) Breach of Fiduciary Duty; (IV) Negligent Supervision; and (V) Successor Liability.

## DISCUSSION

In the Motion, Defendant contends that this action should be dismissed for multiple independent reasons, including for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.  Because I agree with Defendant that dismissal (without prejudice) is warranted for lack of personal jurisdiction, I do not reach Defendant's other arguments for dismissal.[3]

---

826, 829 (11th Cir. 2007) ("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts] nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

[3] *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) ("A court without personal jurisdiction is powerless to take further action."); *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) ("As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims."); *but see Trump v. Clinton*, 161 F.4th 671, 687 (11th Cir. 2025) ("Although we ordinarily address issues relating to personal jurisdiction before reaching the merits, we can address the merits first when jurisdiction turns on a merits question." (cleaned up)).

## I.   LEGAL STANDARD – PERSONAL JURISDICTION

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1363-64 (11th Cir. 2021) (quoting *Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*, 593 F.3d 1249,1257-58 (11th Cir. 2010)). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citations omitted). "A plaintiff defending against a facial attack on jurisdiction enjoys safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised, and both the district court and a reviewing court *must* consider the well-pleaded allegations in the plaintiff's complaint as true." *Watson v. Kingdom of Saudi Arabia*, 159 F.4th 1234, 1252 (11th Cir. 2025) (cleaned up). "[V]ague and conclusory allegations . . . are insufficient to establish a prima facie case of personal jurisdiction." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006).

## II.   ANALYSIS

Under Florida's long-arm statute, § 48.193, Fla. Stat., a defendant may be subject to *specific* personal jurisdiction or *general* personal jurisdiction. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018). General jurisdiction – "jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida" – exists where "the

3

defendant engages in 'substantial and not isolated activity' in Florida." *Id.* (quoting *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015)); *see also* § 48.193(2) ("A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."). On the other hand, specific jurisdiction – "jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida" – exists for conduct specifically enumerated in § 48.193(1)(a). *Waite*, 901 F.3d at 1312 (quoting *Carmouche*, 789 F.3d at 1204); *see also SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1223 (11th Cir. 2023) ("Florida's long-arm statute subjects to the jurisdiction of Florida state courts anyone 'who personally or through an agent' engages in any of nine enumerated acts, as long as the cause of action arises from that act.").

Relevant to the issue of personal jurisdiction, Plaintiff alleges: (1) Defendant is a national banking association with its main office in California; (2) "Defendant conducts substantial, continuous, and systematic business within the State of Florida, including maintaining branch operations in Miami"; (3) "Defendant purposefully avails itself of conducting business in Florida, employs personnel here, and derives revenue from Florida operations"; (4) Plaintiff resides in Florida and sent written demands to Defendant from Florida; and (5) Defendant caused injury in Florida due to its wrongful retention of Plaintiff's property and its refusal to respond to the written demands Plaintiff sent from Florida. FAC at 2. Thus, Plaintiff appears to allege the existence of both general and specific jurisdiction.

In the Motion, Defendant raises a facial, not factual, personal jurisdiction challenge. Defendant's challenge is facial as it is based on the allegations of the FAC and does not rely on affidavits or other evidence. *See Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1271 (11th Cir.

2022) ("[T]hey did not submit any affidavits or other exhibits rebutting the jurisdictional allegations in the complaint. The personal jurisdiction challenge, therefore, was facial and not factual.").[4]   In his response to the Motion, Plaintiff only appears to contend that specific jurisdiction exists.  He does not appear to press – and instead seemingly abandons – his allegation of general jurisdiction.  At any rate, as discussed herein, Plaintiff's factual allegations are insufficient to establish a prima facie case of general or specific personal jurisdiction.

### A.  GENERAL JURISDICTION

To the extent Plaintiff maintains that this Court can exercise general jurisdiction over Defendant, he is incorrect.  "Because Florida's long-arm provision 'extends to the limits on personal jurisdiction imposed by the Due Process Clause,' [the Court] 'need only determine whether [its] exercise of jurisdiction over [Defendant] would exceed constitutional bounds.'" *Waite*, 901 F.3d at 1316 (quoting *Carmouche*, 789 F.3d at 1204).  "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations, without offending due process when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Id.* at 1317 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (internal quotation marks omitted).  However, "'only a limited set of affiliations with a forum' will render a defendant at home there." *Id.* (quoting

---

[4] Plaintiff includes an alternative request for jurisdictional discovery in his response to the Motion. That request should be denied given that Defendant has only raised a facial challenge to personal jurisdiction. *See Diulus v. Am. Express Travel Related Servs. Co., Inc.*, 823 F. App'x 843, 849 (11th Cir. 2020) ("[A] district court does not abuse its discretion by denying jurisdictional discovery if 'the complaint was insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction.'" (quoting *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009))); *Fleischman v. Forest Trail Acad., LLC*, No. 24-CV-81457-RLR, 2025 WL 1330498, at *2 (S.D. Fla. May 7, 2025) ("[J]urisdictional discovery may not be used to enable a plaintiff to facially plead personal jurisdiction." (citing *In re Zantac*, 706 F. Supp. 3d 1363, 1367-68 (S.D. Fla. 2020)).

*Daimler*, 571 U.S. at 137). "The 'paradigm all-purpose forums' in which a corporation is at home are the corporation's place of incorporation and its principal place of business." *Id.* (citing and quoting *Daimler*, 571 U.S. at 137). "'[A] corporation's operations in a forum other than its formal place of incorporation or principal place of business' will be 'so substantial and of such a nature as to render the corporation at home in that State' only in 'exceptional' cases." *Carmouche*, 789 F.3d at 1204 (quoting *Daimler*, 571 U.S. at 139 n.19).

As indicated above, Plaintiff alleges that Defendant's main office is in California – and Plaintiff's response to the Motion notes that Defendant's headquarters are in California, *see* [DE 24] at 2 – but that Defendant maintains branch operations in Miami, Florida. The FAC also includes conclusory allegations that Defendant employs personnel in Florida and derives revenue from Florida operations. However, the FAC fails to include any factual allegations showing that Defendant's activities in Florida "closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Waite*, 901 F.3d at 1318 (quoting *Carmouche*, 789 F.3d at 1205). Without such factual allegations, "the exercise of general jurisdiction over [Defendant] in Florida would violate due process." *Id.*[5]

---

[5] *See also Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (finding court could not exercise general personal jurisdiction over bank that was incorporated and headquartered elsewhere even though bank had branch offices in the forum); *Legends Title, LLC v. Cap. One, Nat'l Ass'n*, 659 F. Supp. 3d 637, 649 (D. Md. 2023) (rejecting argument that "Capital One's operation of branches in Maryland is sufficient to confer general personal jurisdiction"); *Gen. Agent Ctr. Inc. v. Donald Vanier LLP*, 632 F. Supp. 3d 1044, 1049 (D. Ariz. 2022) ("Plaintiffs argue that BANA is subject to this Court's general jurisdiction because BANA does business in Arizona by operating 'hundreds of branch banks' which conduct wire transfers all over the world, including transfers to other bank branches in Arizona. . . . Without more, operating bank branches and conducting wire transfers is not enough to subject BANA to general jurisdiction in Arizona where it is not domiciled." (internal citations omitted)); *Robey v. JPMorgan Chase Bank, N.A.*, 343 F. Supp. 3d 1304, 1318-19 (S.D. Fla. 2018).

## B. SPECIFIC JURISDICTION

The allegations of the FAC are likewise insufficient to establish that Defendant is subject to specific jurisdiction. Plaintiff alleges that specific jurisdiction exists in this case under § 48.193(1)(a)(2), which provides as follows:

> A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> . . .
> 2. Committing a tortious act within this state.

§ 48.193(1)(a)(2). "[A] nonresident defendant commits a tortious act in Florida by performing an act outside the state that causes injury within Florida." *Del Valle*, 56 F.4th at 1272 (citations omitted). The "nonresident defendant need not be physically present in Florida to commit a tortious act there." *Id.* at 1273 (citations omitted).

In the Motion, Defendant contends that the allegations of the FAC are insufficient to establish specific jurisdiction because the FAC does not contain factual allegations showing that Plaintiff's tort claims arise out of or relate to Defendant's contacts with Florida. Plaintiff responds that in 2024 and 2025, he sent written demands from Florida to Defendant's headquarters in California, and Plaintiff notes that under Florida law, "'committing a tortious act' in Florida under [the long-arm statute] can occur through the nonresident defendant's telephonic, electronic, or written communications into Florida." *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002). While Plaintiff acknowledges that the communications sent into Florida must form the basis of the cause of action to establish the commission of a tortious act in Florida, *see* [DE 24] at 2, Plaintiff has not included any factual allegations in the FAC showing that his claims arise out of any communications that Defendant sent into Florida. In fact, Plaintiff does not even allege that

Defendant responded to the 2024 and 2025 written demands that Plaintiff sent from Florida or that Defendant otherwise sent communications to Plaintiff in Florida.

Plaintiff instead seems to imply that his own written communications to Defendant, and Defendant's refusal to respond to those communications, somehow satisfies the long-arm statute's tortious act provision. Accepting Plaintiff's implication would turn the long-arm statute on its head. Even putting that aside, the fact remains that Plaintiff's claims did not arise from his 2024 and 2025 written communications to Defendant or Defendant's refusal to respond. Importantly, although *Wendt* recognized that the commission of a tortious act can occur in Florida through a nonresident defendant's communication into Florida, *Wendt* made clear that the cause of action must arise from the communication. 822 So. 2d at 1260. "This predicate finding is necessary because of the connexity requirement contained in section 48.193(1)." *Id.* In this regard, "[s]pecific jurisdiction under § 48.193(1) requires a connection or connexity between the enumerated activity in Florida and the cause of action." *Knepfle v. J-Tech Corp.*, 48 F.4th 1282, 1292 (11th Cir. 2022) (internal quotation marks and citation omitted). "It requires that there be a 'nexus' or 'substantial connection' between the cause of action and the defendant's activities within the state." *Samsung SDI Co. v. Fields*, 346 So. 3d 102, 106 (Fla. 1st DCA 2022) (citing *Citicorp Ins. Brokers (Marine), Ltd. v. Charman*, 635 So. 2d 79, 82 (Fla. 1st DCA 1994)); *see also Harrison v. NC3 Sys., Inc.*, 395 So. 3d 657, 662 (Fla. 6th DCA 2024) ("As to personal jurisdiction under section 48.193(1)(a)2, courts have looked to whether the nonresident defendant 'committed a substantial aspect of the alleged tort in Florida." (internal quotation marks and citation omitted)).

Here, the FAC does not contain any factual allegations establishing any nexus or connection – substantial or otherwise – between Defendant's activities in Florida and any of Plaintiff's causes of action. In fact, Plaintiff previously alleged that he maintained his Nevada

Bank account in Las Vegas.  [DE 1] at 2.  Although the FAC omits any reference to Las Vegas, what is important is that it contains no allegation that Plaintiff maintained any account with Nevada Bank (or Defendant) in Florida or that Plaintiff delivered the property at issue (his baseball card collection) to any Florida location.

While Plaintiff does appear to posit that the written communications Plaintiff sent to Defendant from Florida somehow supply the requisite connexity between Plaintiff's causes of action (or at least his conversion claim) and Florida, the mere fact that Plaintiff sent his communications from Florida has nothing to do with *Defendant's* activities in Florida.  And it is a defendant's activities in Florida that matter.  *See Samsung SDI*, 346 So. 3d at 106 (recognizing "that there be a 'nexus' or 'substantial connection' between the cause of action and the *defendant's activities* within the state" (emphasis added)).  Regardless, even if Defendant had responded to Plaintiff's written communications and sent written communications to Plaintiff in Florida, such communications could only lead to a finding of specific jurisdiction if the communications themselves were tortious.  *See Reiss v. Ocean World, S.A.*, 11 So. 3d 404, 406 (Fla. 4th DCA 2009) ("Cases interpreting *Wendt* have held that the communication into Florida must be tortious in and of itself, such as defamatory statements or negligent legal advice to a client." (citations omitted)); *see also Harrison*, 395 So. 3d at 662-63 ("[T]he *Wendt* rule is applied when the tort 'involves some sort of communication directed into Florida for purpose of fraud, slander, or other intentional tort.'" (quoting *Robinson Helicopter Co., Inc. v. Gangapersaud*, 346 So. 3d 134, 140 (Fla. 2d DCA 2022))).[6]

---

[6] Plaintiff recently filed a Notice of Supplemental Authority [DE 37] directing this Court to a decision that the Eleventh Circuit issued on April 17, 2026 (i.e., after briefing on the Motion was completed). Although Plaintiff does not identify the name or citation for that decision, he is clearly referring to *Frida Kahlo Corp. v. Pinedo*, 172 F.4th 1316 (11th Cir. 2026).  In his notice, Plaintiff asserts, *inter alia*, that the Eleventh Circuit "reaffirm[ed] the principles governing personal

Additionally, as Defendant correctly notes in the Motion, the fact that Plaintiff sent some of his written demands from Florida does not mean that Defendant's alleged conversion of Plaintiff's property occurred in Florida.  Notably, Florida case law has made clear that "the relevant act for personal jurisdiction purposes with regard to the tort of conversion is the initial wrongful deprivation."  *Russo v. Fink*, 87 So. 3d 815, 818 (Fla. 4th DCA 2012); *see also Merkin v. PCA Health Plans of Fla., Inc.*, 855 So. 2d 137, 140-41 (Fla. 3d DCA 2003).  And none of the facts alleged in the FAC indicate that the alleged initial wrongful deprivation occurred in Florida.  *Cf. Schrier v. Qatar Islamic Bank*, 632 F. Supp. 3d 1335, 1354 (S.D. Fla. 2022) ("The wrongful deprivation occurred wherever Schrier's bank accounts—whose monies were depleted—happened to be. And, while we don't know exactly where those accounts were, we *do* know that they were *not* in Florida because the SAC . . . *never* alleges that these accounts were held in Florida.").

For the foregoing reasons, the factual allegations in the FAC fail to establish a prima facie case of specific jurisdiction under the tortious act provision of Florida's long-arm statute.[7]

---

jurisdiction where intentional conduct is directed toward a forum resident and causes injury within the forum."  [DE 37] ¶ 2.  However, *Frida Khalo* does not support the existence of long-arm jurisdiction in this case for the reasons discussed above.  In *Frida Khalo*, the plaintiffs "brought a lawsuit claiming Defendants had violated Florida tort law and the Lanham Act by sending threatening and false cease-and-desist letters to Plaintiffs' business partners in Florida."  172 F.4th at 1319.  Thus, the lawsuit arose out of or directly related to communications the defendants sent into Florida.  On the contrary, in this case, Plaintiff has not alleged that Defendant sent tortious communications (or any communications) to Plaintiff in Florida.

[7] Because Plaintiff's allegation of specific jurisdiction fails under the less restrictive first step (Florida's long-arm statute), I do not reach the more restrictive Due Process Clause step.  *See Reger v. Barefoot*, No. 9:24-CV-80396-WPD, 2024 WL 6978055, at *7 (S.D. Fla. July 26, 2024) ("[T]he Due Process Clause imposes a more restrictive requirement than does Florida's Long–Arm Statute. Consequently, a finding that jurisdiction is not available under Florida's general or specific jurisdiction necessitates the conclusion that jurisdiction is not appropriate under the Due Process clause." (internal quotation marks and citation omitted)).

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 23] be **GRANTED** to the extent that this action be **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.  Additionally, Plaintiff's Motion for Leave to File Sur-Reply [DE 29] should be **DENIED AS MOOT**.[8]

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 22nd day of June 2026.

Jared M. Strauss
**United States Magistrate Judge**

---

[8] Plaintiff's Motion for Leave to File Sur-Reply only briefly addresses personal jurisdiction, and none of the arguments Plaintiff makes therein regarding personal jurisdiction impact the analysis in this Report.